## ELBRIDGE BERRY *versus* LEWIS J. HOEFFNER.

In an action on a replevin bond, the principal not being an inhabitant of this State and having no agent or attorney or property here, seasonably appeared and moved the writ abate for want of jurisdiction as to him : — *Held*, that the plaintiff have leave to discontinue as to him upon the terms prescribed by R. S., c. 82, § 12.

If goods have been damaged since they were replevied, and while in the possession of the plaintiff in replevin, their mere restoration in a damaged condition will not be a compliance with the bond which requires them to be restored in like good order and condition as when taken.

The language prescribed by the statute, both in replevin bonds and in judgments for returns, by implication, if not in terms, requires the property replevied to be returned in the same condition as when taken.

ON FACTS AGREED.

DEBT on a replevin bond, dated June 10, 1859. The plaintiff was a deputy sheriff for this county, when the bond in suit was given, and as such, held in his possession, a piano, which he had taken from one McGowan upon a legal search warrant issued upon complaint of the defendant Hoeffner. The title to the piano was claimed by both Hoeffner and McGowan, who notified Berry of the fact, and demanded possession. Berry declined to deliver the piano to either party until their legal rights to the same were determined. Whereupon, on June 10, 1859, Hoeffner replevied the piano, giving the bond in suit.

The replevin suit was reported to the full Court in 1861, who were to "render such judgment thereon as the law and evidence required." Subsequently, an order was issued by the full Court directing the clerk to enter the replevin suit, "plaintiff nonsuit." Judgment was made up for a return* as of the previous term, and, on May 17, 1862, a writ of restitution was issued, placed in the hands of a coroner, who returned the piano, Aug. 1, 1862, and collected the costs of replevin. The piano was in the possession of Hoeffner's attorney, for safe keeping, from the time it was replevied

* See opinion.

until it was returned, and was used some of the time by a person who was taking lessons in music.

The plaintiff claimed to recover in this suit a reasonable sum for the use and detention of the piano, in trust for the owner of the same, and also damages, upon the ground that it was not "returned in like good order and condition as when taken;" and offered to prove the damages and loss by detention.

The defendants claimed that the piano was returned in like good order and condition as when taken, and denied the plaintiff's right to recover in this suit any sum, either for damages or detention, for the reason that no damages were awarded by the Court in the original suit.

If the plaintiff could legally recover damages upon any ground mentioned, the action was to stand for trial and damages to be assessed by the Court or jury, as either party might desire.

*L. Clay,* for the plaintiff, cited R. S., c. 96, § 18; c. 96, §§ 11 & 13; *Howe* v. *Handley,* 28 Maine, 241; *Greely* v. *Currier,* 39 Maine, 516; *Quincy* v. *Hall,* 1 Pick., 357; *Dawson* v. *Wetherbee,* 2 Allen, 461; *Johnson* v. *Neale,* 6 Allen, 227; *Hartlett* v. *Fowler,* 10 Allen, 36; *Farnham* v. *Moor,* 21 Maine, 508; *Wheat* v. *Catterline,* 23 Ind., 85; *Potter* v. *James,* 7 R. I., 312; *Smith* v. *Dillingham,* 32 Maine, 182; *Same* v. *Same,* 33 Maine, 384; *Thomas* v. *Spofford,* 46 Maine, 408; *Cook* v. *Lothrop,* 18 Maine, 260; *Bank* v. *Leavitt,* 17 Pick., 1; *Kaley* v. *Shed,* 10 Met., 317; *Ripley* v. *Dolbier,* 18 Maine, 388.

*S. Lancaster,* for the defendants, contended —

That the property had been returned and costs paid and thereby the conditions of the bond fully performed; citing *Pettygrove* v. *Hoyt,* 2 Fairf., (11 Maine,) 66; *Smith* v. *Dillingham,* 33 Maine, 284.

APPLETON, C. J. — This is an action of debt upon a replevin bond.

No service was made by the officer upon Hoeffner, he not being an inhabitant of this State, and having no property nor any attorney therein. After the entry of the action, notice was given by publication in a paper printed in the State. The defendant seasonably appeared after such publication for the purpose of denying jurisdiction and abating the writ.

It is apparent from the officer's return that the Court have no jurisdiction over the person or property of Hoeffner. The plaintiff may have leave to discontinue as to him, upon the terms prescribed by R. S., c. 82, § 12.

As Stanwood is dead, the case must proceed, if prosecuted further, against Wendenburg the only remaining surety.

It was decided in *Pettygrove* v. *Hoyt*, 2 Fairf., 67, in a replevin suit, where the plaintiff neglected to enter his suit and the defendant filed his complaint for costs, but neglected to pray for a return of the goods replevied, and judgment was rendered for costs on which execution issued, that the costs having been seasonably paid, no action could be maintained upon the bond, for, as is well remarked by MELLEN, C. J., "by the conditions, the obligors were bound to pay the obligee such damages as he should recover, and he recovered none ; and return the boat, if such be the final judgment ; and there never was any such judgment."

In the case at bar, the replevin bond was in the statute form ; that, if the plaintiff "shall prosecute the said replevin to final judgment, and pay such damages and costs as the said Berry shall recover against him, and shall also return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment in said suit, then this obligation to be void, otherwise to remain in full force." The judgment of the Court, as appears of record, was in these words :— "It is therefore considered by the Court here, that the said defendant recover against the plaintiff restitution and return of the property replevied and costs of suit taxed at $71,32." The question presented is whether a return of the goods replev-

ied *not* " in like good order and condition as when taken," is a sufficient compliance with and performance of the condition of the replevin bond?

The record must govern. There has been no motion for its amendment, if erroneous. It is not necessary, therefore, to consider whether it was erroneously made up or not.

The form of the replevin writ is prescribed by stat. 1821, c. 63, which specifies likewise the bond to be given. The writ and the bond in the present case are in accordance with the statute.

By statute of 1821, c. 80, the statute judgment in replevin, in case the verdict is for the defendant, is "for a return and restoration of the goods and chattels replevied." In the revision of 1841, c. 130, § 11, "the judgment is for a return of the goods." In R. S., 1857, c. 96, § 11, "if it appears that the defendant is entitled to a return of the goods, he shall have judgment and a writ of return accordingly, with damages for the taking and costs." In the form of a writ of restitution, stat. 1821, c. 63, the command is to "forthwith return and restore the same beasts unto the said S. P.," &c. The judgment in replevin is, "it is considered that he have return of the cattle aforesaid, to be kept by him irrepleviable forever." Jacob's Law Dictionary. Replevin.

It will be perceived that neither by the statutes nor the forms, so far as given, are the words in the bond, " in like good order and condition as when taken," required to be inserted in the judgment. It is rather implied that they shall be in such order and condition, and, if not, the defendant has his bond in case of a failure to perform this specific condition.

In Massachusetts, by stat. 1789, c. 26, § 4, where the form of the writ of replevin is given, one proviso of the writ is " and also to return and restore the same goods and chattels, in like good order and condition as when taken, in case such shall be the final judgment." In the revision of the statutes c. 113, §§ 19, 29, when the plaintiff is required to give bond, the language is, " and also to return the said property, in

case such shall be the final judgment," without any mention that the goods and chattels are to be restored in like order and condition. It was insisted in *Parker* v. *Simonds*, 8 Met., 210, that, in consequence of this change, the plaintiff in replevin was not bound to restore the goods replevied in the same condition as when taken. But the Court held otherwise and that the goods were to be restored in like good order and condition as when taken.

Mere restoration of the goods replevied, if damaged, will not be a compliance with the bond, which requires them to be restored in like good order and condition as when taken.

As the action is not maintainable against Hoeffner, the Court having no jurisdiction over his person or his property, the plaintiff must become nonsuit unless he discontinues as to him ; in which event, the case, according to the agreement of parties, is to stand for trial for the assessment of damages.

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.