## LILLIE v. McMILLAN.

1. **Evidence**: FRAUDULENT SALE: DEGREE OF PROOF.   Where the fraudulent character of a sale was in issue in a civil action it was held that the jury were properly instructed that a fair preponderance of evidence only was necessary to establish the fraud.

2. —— : —— : INSTRUCTIONS.   Instructions relating to evidence of fraud considered and approved.

3. **Replevin**: MEASURE OF RECOVERY: LOSS OF PROPERTY.   Where the defendant in an action of replevin is successful the measure of his recovery upon the bond of the plaintiff is not affected by the fact that a portion of the property has perished in the plaintiff's hands.

*Appeal from Guthrie District Court.*

FRIDAY, DECEMBER 5.

ACTION to recover specific personal property which had been levied on by the defendant, as sheriff, under and by virtue of an execution against D. A. Lillie. The plaintiff claimed he had purchased the property of said Lillie, and the defendant pleaded that the sale was made with intent to hinder, delay, and defraud the creditors of said Lillie. Jury trial, verdict and judgment for the defendant, and the plaintiff appeals.

*Charles S. Fogg* and *Wright, Gatch & Wright,* for appellant.

*Ben S. Adams,* for appellee.

SEEVERS, J.—I.   The plaintiff, in his own behalf, testified he purchased the property in controversy of D. A. Lillie, and gave other evidence tending to sustain the issue on his part. On cross-examination he was asked whether he did not purchase other property of said Lillie at the same time, what and how he agreed to pay therefor, and the value and description of such property. To this evidence the plaintiff objected, but the objections were, we think, properly overruled. It was both competent and material for the defendant to show the whole transaction for the purpose of enabling the jury to determine whether the sale was made with intent to defraud creditors, and whether the plaintiff participated therein.

Great latitude must of necessity be permitted on cross-examination of one or both of the alleged participants in the fraud.

II.   The court refused to instruct the jury that in order to recover the defendant must establish the fraud beyond a rea-

<span style="margin-left:2em">1. EVIDENCE:</span> sonable doubt, and instructed them if the same
<span style="margin-left:2em">fraud: degree</span>
<span style="margin-left:2em">of proof.</span> was proved by a fair preponderance of the evidence it was sufficient.   In support of the instruction refused *Barton v. Thompson*, 46 Iowa, 30, is cited.   In that case the cause of action was based upon a crime, and the same evidence would be required in the civil as in the criminal action.   In other words, the plaintiff, to recover in the civil action, must have established that the defendant was guilty of a crime.

Now under the Code, section 4074, in relation to fraudulent conveyances, we think the intent must be established—that is to say, an intent in fact as distinguished from an intent which may be inferred, or which may be legally presumed.   In the present case we do not think the defendant was necessarily compelled to establish that the plaintiff was guilty of a crime. Certain things are held to constitute a legal fraud as distinguished from a fraudulent intent in fact.   Neither the issue or the evidence would be the same in the criminal as in the civil action.   As bearing on this question, see *Ashworth v. Grubbs*, 47 Iowa, 353.   The court did not err in refusing and giving the instructions aforesaid.

It would not, under the circumstances, be proper to review *Barton v. Thompson*, and the cases on which it is based. In a proper case we will cheerfully do so, and it is possible, as claimed, that it will be found it is not sustained by the weight of modern authority.

III.   The plaintiff asked the court to instruct the jury that " fraud will not be presumed, but must be satisfactorily proved,

<span style="margin-left:2em">2. ——: ——:</span> and fraud will not be imputed when the facts
<span style="margin-left:2em">instructions.</span> upon which it is predicated may be consistent with honesty and purity of intention."   This was refused, and the jury instructed if, under the evidence, they found there was a sale to the plaintiff by D. A. Lillie prior to the levy, then the " burden of proof will be upon the defendant to show that the alleged sale was fraudulent and void against the execution."

We think the instruction given was more favorable to the plaintiff than the one refused. The defendant was required to prove the sale was "fraudulent and void." Presumptions on either side were ignored, and the instruction given went far toward requiring the fraud to be established by direct and positive evidence.

The instruction refused might well have been given, and also its opposite, that fraud might be inferred from circum stances and need not be established by positive and direct evidence. But as the latter was not given we do not think, under the circumstances, the refusal to give that asked constitutes prejudicial error.

In the sixth instruction the court said to the jury: "If the sale of the property     *     *     *     was made in good faith for a valuable consideration, and *such a sale as the law will recognize* at the time it was made, then in that case nothing that may have been done or said by the parties or either of them since the sale can make the sale void     *     *     *  ." This instruction was given in the interest of the plaintiff, but it is said to be objectionable because of the words italicized. The only question before the jury was whether the sale was void because fraudulent. By the use of the words mentioned, the court without doubt meant that if fraudulent the law would not recognize such a sale, and the jury must have so understood. Applied to the question in hand the words aforesaid had a definite and sufficiently clear meaning.

V. In the seventh instruction the court, as was right and proper, called the attention of the jury to the badges of fraud which had been developed by the evidence. The instruction is lengthy and is not, therefore, set out, and an abbreviation could not be given. We have carefully read the instruction and argument of counsel, and unite in the conclusion that none of the objections are well taken. Among other things, it is said the instruction ignores the question as to the fraudulent intent of the plaintiff. In a previous instruction this principle had been enunciated; this was sufficient.

VI. In the petition the value of each specific article of the property was stated. The answer contained a general denial;

no evidence was introduced on the question of value. The jury, however, found it to be as stated in the petition; of this the plaintiff, unreasonably, we think, complains.

VII. The jury found specially that one of the cattle and one horse had died, since the plaintiff had taken the same by legal process from the possession of the defend- *3. REPLEVIN: measure of recovery: loss of property.* ant. The plaintiff had given a bond conditioned according to law for the return of the property. The defendant elected to take a money judgment, and such was his right. Code, section 3241; *McNorton v. Akers*, 24 Iowa, 369. Such a judgment was rendered for the value of all the property, including that which had died; this was correct. *Hinkson v. Morrison*, 47 Iowa, 167.

It is assigned as error that the verdict is not sustained by the evidence. This is referred to in the argument, but not pressed. It is sufficient to say the evidence, in our opinion, fully warrants the verdict.

VIII. A motion has been made to strike the amended abstract of the appellee from the files because not filed in time under the rules, and because it sets out the evidence in form of questions and answers, and is in fact not an abstract.

The cause was docketed for trial at the June term, 1879, and the abstract properly served before that term. The amended abstract should have been filed previous to that time, and the cause then submitted. But without fault or negligence on the part of the appellee no amendment was then filed, and he applied for a continuance to enable him to do so. To this the appellant consented, and by agreement the cause was continued to the Council Bluffs term in September. More than thirty days before that term the amended abstract was served upon counsel for the appellant. We think this was in time, and the motion, therefore, will be overruled. But as the amended abstract has not been prepared as the rules require, and could have been greatly condensed, and the rights of the appellee fully preserved, we think he should pay three-fourths of the cost of such amended abstract, and it is so ordered.

AFFIRMED.