# UNDERWOOD v. DAVID, ET AL.

RECORD — FILING — DISMISSAL — BILL OF EXCEPTIONS — EVIDENCE.

1. By being annexed to the petition in error, and in that manner filed, a transcript is filed with the petition, as much so as if filed as a separate paper — within the meaning of the provision that a transcript of the files, records, etc., shall be filed with the petition.

2. A bill of exceptions is only required to make that a part of the record which would not otherwise be a part of it.

3. If the record proper discloses all that is required for a determination of the questions presented by the petition in error, then the proceedings in error should not be dismissed for absence of a bill.

4. The pleadings, orders, and judgment of the court, in the cause wherein the order in controversy was entered, and also executions, and the officer's return thereon, as recorded in the execution docket, are all matters of record, and require no bill of exceptions to entitle them to consideration on error when incorporated in a proper transcript or record.

5. The proceedings in one action are not part of the record in another cause unless introduced in evidence in the latter cause, and preserved by bill of exceptions as evidence.

6. Where a hearing was had upon a certain written protest on file in the cause, and a former order of confirmation of an execution sale was thereupon vacated, and the sale held void, the last order being complained of on error; the order reciting that the matter was heard on a protest on file, but 'the said protest not being in the record, or transcript, nor its contents stated, and there being no bill of exceptions. *Held*, that the appellate court could not say that the protest was made on the record alone, nor that the decision was founded upon the record proper; and hence the record was insufficient to authorize a review of the order complained of, in the absence of a bill of exceptions.

[Decided August 1, 1900.]

ERROR to the District Court, Laramie County, HON. CHARLES W. BRAMEL, Judge of Second District, presiding.

On motion to dismiss. The facts and grounds of the motion are stated in the opinion.

*John C. Baird*, for defendants in error, for the motion, contended that there was no transcript filed with the petition, since the transcript was annexed to the petition and made a part of it; and that did not amount to a filing *with* the petition. It was also contended that the evidence was not in the record; that unknown papers were absent from the record; and there did not appear to have been a motion for a new trial. For such reasons, it was insisted that the proceedings should be dismissed. The cases in the supreme court, where proceedings had been dismissed for like reasons were cited, or where the matter was discussed: (3 Wyo. 76, 105, 739; 6 id., 171; 3 id., 443; 6 id., 177; 1 id., 37, 41, 42, 187, 355; 2 id. 254; 3 id., 56, 335, 386, 144; 5 id., 427, 510; also, 108 Ind., 235; 1 Mo., 232; 4 Utah, 64; 10 id., 182; 66 Tex., 131; 31 Ill., 393; 17 Kan. 518; 24 id., 31; 34 id., 378; 65 Mo., 48; 83 id., 430; 41 Neb., 195; 1 Wash., 250, and many others.)

*W. R. Stoll*, for plaintiff in error, *contra*, contended that the transcript was properly filed; that the record disclosed there was no evidence in the case, but that the matter was determined on the record proper, and that nothing was missing of vital particular. That the question was simply whether the sale to plaintiff in error was superior to the sale to defendants in error. That the whole question can be decided upon the record.

POTTER, CHIEF JUSTICE.

The defendants in error move for a dismissal of the proceedings in error in this cause.

The first ground of the motion is that there is no transcript of the record. Attached to the petition in error is what purports to be a transcript of the record, and in the petition in error occurs the following: " A transcript of the files, records, and papers of said final order and judgment, and the orders and proceedings are duly certified to by the said clerk of the court of said dis-

trict under the seal thereof, and are hereto annexed and made a part of this petition in error.''

Counsel for defendant in error contends that this is not a compliance with the provisions of the statute (Sec. 4254) and Rule Eleven of this court requiring that there shall be filed with the petition in error a transcript of so much of the record as shall be necessary to exhibit the errors complained of. The proposition urged is that annexing the transcript to the petition in error and making it by allegation therein, a part of it, does not amount to a filing of the transcript *with* the petition in error. We think there is no merit in the contention. The distinction, if any, is altogether too technical. By being attached to the petition and in that manner filed, the transcript is filed *with* the petition as much so as if filed as a separate paper. We cannot perceive that the statement making it a part of the petition renders the separate filing of another transcript necessary.

Another ground upon which the motion is based is that there is no bill of exceptions; and it is insisted that the record discloses no question for consideration in the absence of a bill. Counsel for plaintiff in error, on the other hand, contends that the order complained of was made solely upon the record proper, and that a bill is not required for a consideration of the errors assigned.

No bill of exceptions, is contained in the record. A bill of exceptions is only required to make that a part of the record which is not otherwise a part of it.

If counsel for plaintiff in error is correct in his views that the record proper discloses all that is required for a determination of the questions presented by the petition in error, then it is evident that, upon the ground of the absence of a bill of exceptions the proceedings should not be dismissed.

These proceedings are instituted for the review of an order, made by the district court, vacating a former order confirming a sale to plaintiff in error upon an execution issued upon a judgment in a certain cause

wherein Valentine Baker, et. al., were plaintiffs and Helen Jenkins, Edward C. David, James B. David, Alexander G. McGregor, and Alice Parshall, were defendants. The order appealed from not only vacated the previous order of confirmation, but adjudged the sale to plaintiff in error to be null and void.

The suit above mentioned was brought to subject certain real estate belonging to Helen Jenkins to the payment of judgments theretofore recovered against her by the plaintiffs in the suit. Edward C. David, James B. David, and Alexander G. McGregor, defendants in the suit, respectively, held mortgages covering various tracts of the lands in question. The final decree awarded personal judgments to each of the last above-named defendants, declared the mortgages of Edward C. and James B. David, respectively, to be first and prior liens upon the lands covered by them, and ordered the sale of all the property by special master commissioner therein appointed for that purpose. No sale was made by such commissioner; but three years after the entry of the final decree an execution was caused to be issued by the Davids, and in June, 1895, a sale was had thereunder, the sheriff of the county officiating, and the Davids became severally the purchasers, part of the property being bought by Edward C. David, and part by James B. David. That sale was confirmed.

A few days prior to any action on the part of the Davids to obtain an execution, the asignee of the McGregor judgment caused execution to issue thereon, and certain lands were levied on, being some of the same lands embraced in one or the other of the David mortgages. Notice of sale was published, but the execution was returned unsatisfied and without sale, for the reason as stated in the officer's return, that he had received notice that the district court had allowed an injunction to issue in the case of Helen Jenkins v. Alexander G. McGregor, and he therefore returned the execution not satisfied, by order of the court.

In June, 1896, the assignee of the McGregor judgment caused an alias execution to issue thereon, under which the sale was made to plaintiff in error of the lands in question, they being part of the same lands covered by one or the other of the David mortgages, and purchased by one or the other of them at the sale held under the execution issued at their instance in 1895. That sale to plaintiff in error was confirmed over a protest filed by Edward C. and James B. David. Subsequently they moved a rehearing of the order of confirmation, which was granted, the sale declared null and void, and the prior order of confirmation vacated; this last order being the one now complained of.

The foregoing facts are all obtainable from an inspection of the record proper. Some matters are incorporated in the transcript which are not part of the record, and cannot be considered. The order appealed from was made in the case of Valentine Baker, et al., v. Helen Jenkins, et al., already mentioned. We observe in the transcript the pleadings, proceedings, orders, and judgments in a case wherein Helen Jenkins was plaintiff and Alexander G. McGregor, Albert Chapman, and Ira L. Fredendall were defendants. Chapman was the assignee of the McGregor judgment and Fredendall was the sheriff of the county. That case is probably the one wherein the injunction issued which prevented the sale under the McGregor execution issued in 1895. Without a reference to the record of that case, however, the court would have no means of knowing that to be the fact, nor is there anything elsewhere in the transcript to show what final disposition was made of that suit. That action was an independent one. Neither of the Davids were parties to it, nor was the plaintiff in error. The proceedings in that action, although certain of them, such as the pleadings, and orders, constitute the record in the suit wherein filed or made, are not in any sense in and of themselves part of the record proper in these proceedings seeking the reversal of an order made in an altogether different cause.

They could not have been properly considered in the district court in making the order complained of unless introduced as evidence; and if so introduced they could not be preserved as part of the record except by a bill of exceptions. They do not appear in a bill of exceptions, and therefore are clearly improperly embraced in the present transcript.

It is noticeable that the clerk does not authenticate them as papers and proceedings in the action wherein the order appealed from was entered, but they are certified as the papers and proceedings in the suit of Helen Jenkins v. Alexander G. McGregor and others, and very properly so.

Incorporated in the transcript also is a written opinion of the district court certified to as filed in the cause of Baker, et al., v. Jenkins, et al. Although the opinion may, and seems to, have been filed in the cause wherein the order in question was made, it is not a paper which is of itself part of the record. It cannot be referred to or considered, therefore, for any effective purpose upon the motion to dismiss. So much for that embodied in the transcript which is not part of the record.

The transcript contains the pleadings, the orders, and judgment of the court in the cause wherein the order in controversy was entered, and also the various executions and the officers' returns thereon as recorded in the execution docket. These are all matters of record, and require no bill of exceptions to entitle them to consideration in this court. Rev. Stat. Sections 3775, 3848. If such matters of record as are embraced in the transcript are sufficient to present any question raised upon the petition in error, no bill of exceptions would be required for the determination of such question, and the proceedings ought not in such case to be dismissed.

They must be regarded as sufficient in case the order, which is here assigned as error, was made and entered solely upon such record, and without the consideration of any extraneous matter. Whether or not they constitute

all that is essential to a review of the order, must be disclosed by the authenticated record itself.

The order confirming the sale to plaintiff in error, which was subsequently set aside, recites, "This cause coming on to be heard on the protest, on file herein, of Edward C. David and James B. David, to the confirmation of a sale of certain real estate, made by Ira L. Fredendall, then sheriff of Laramie County, Wyoming, under an execution issued out of this court in favor of Albert Chapman, and to the granting of a sheriff's deed to A. Underwood, the purchaser at the aforesaid sale, and Edward C. David and James B. David appearing by their attorney J. C. Baird, and Albert Chapman and A. Underwood appearing by their attorneys, R. W. Breckons and D. W. Elliott, argument was heard by the court, of the first day of October, A. D. 1897, the same being one of the regular days of the May A. D. 1897 term of this court, and the court having taken the matter under advisement and being fully informed in the premises. Now on this day, all the parties being present and represented by their respective attorneys doth render decision herein and doth find that said proceedings and sale, as shown by the return of the aforesaid sheriff, filed herein, was made in all respects in conformity to law."

The order continues by confirming the sale, and ordering the execution of a deed to the purchaser.

Thus it expressly appears that the hearing was had upon a certain protest filed in the cause. The nature of that protest, or the grounds thereof, are not stated in the order. Neither is the protest incorporated in the transcript. It is true, the transcript states that the protest is lost from the files and cannot be found; but its contents are not set forth. It is doubtful, to say the least, whether the clerk, who authenticates the transcript, would have had any authority to give a description of the protest or its contents, even if his knowledge had enabled him to do so. It would seem that the only power to effectively supply the loss of the protest by a statement of its con-

tents resides in the court. Doubtless the court might so preserve it by signing a bill containing a full description of it. This, however, has not been done. Had the order shown that it was made upon a protest based upon the record, it is probable that enough would have appeared in the absence of the protest itself to warrant a review of the order, upon the record alone. But the order is silent respecting the character of the protest. It is also silent, and the same is true of the entire record, as to the matters considered by the court in arriving at its conclusion.

Irregularities appearing upon the record, or matters shown thereby, do not comprehend all the objections possible to be urged in opposition to the confirmation of a judicial sale. Objections which will readily occur to the mind of every lawyer to be shown by matters *aliunde*, might be preferred in resistance of confirmation, and might be sufficient to vitiate the sale. Rorer on Jud. Sales, second ed. 110, 121.

At the same term of court the protestants having filed a motion for rehearing, as appears by the orders of the court made in the premises, such motion was heard and taken under advisement. Subsequently, the order complained of granting a rehearing, vacating the previous order, and adjudging the sale null and void was entered. That order states that, "This cause having come on heretofore to be heard on the motion for rehearing on the protest against the confirmation of a certain sale made herein on the third day of August, A. D., 1896, which sale was returned as having been made to one Abram Underwood, and embracing the following described lands,    *    *    *    *    which protest was on the 4th day of October overruled and said sale confirmed by order of this court on last said day, and a deed ordered to be made by the sheriff, and delivered to said purchaser, and the court having had the said motion for rehearing under advisement doth order, adjudge, and decree that a rehearing on said protest be, and the same is hereby granted and

allowed. And the court having said return of the said sheriff under consideration, the protest against the confirmation of the same having been argued by counsel, and being fully advised in the premises, doth find generally for the protestants and against the said return of said sheriff, and saith that the said sale was and is void and of no effect.'' The sale is then disapproved, and the previous order of confirmation cancelled and set aside.

This order observes the same silence as the prior one regarding the nature of the protest and objections to confirmation. We have not failed to note the fact that no reference is made to the introduction of evidence, and that nothing is said in the orders about a consideration of matters *dehors* the record. But the entries do not affirmatively declare or clearly disclose that the record alone constituted the foundation of the protest, or the basis of the court's determination. Counsel, we assume, must have had some reason for bringing into the transcript the record in the separate injunction suit. Were the proceedings in that case considered by the district court? If so, they are not properly before this court. The trial court speaks only by the record; and the record does not speak as to that matter.

It appearing affirmatively that the hearing was had, and the order complained of made and entered, upon consideration of a written protest not in the record, we cannot say that the decision was founded alone upon the record proper. Again, without the protest, this court must remain unenlightened as to the matters which entered into the determination of the court below, and as to the points or questions really decided.

For the reasons aforesaid the record is insufficient to authorize a review of the order complained of. The other grounds of the motion to dismiss do not require consideration. The motion will be granted.

*Dismissed.*

CORN, J., and KNIGHT, J., concur.