## EWALD et al v. BOYD.

Where, after an alternative judgment for plaintiffs in replevin for a horse, defendant requested plaintiffs to come and get the horse in satisfaction of the judgment, the death of the horse without defendant's fault prior to plaintiffs' obtaining possession did not excuse defendant from liability. thereafter to pay its value; defendant's duty being to return the horse to plaintiffs if he desired to satisfy the judgment in that manner.

(Opinion filed, Oct. 11, 1909.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by John G. Ewald and another against William G. Boyd. Judgment for plaintiffs, and defendant appeals. Affirmed.

*Anderson & Waddel,* for appellant.  *Sears & Potter,* for respondents.

WHITING, J.    This case is before us upon an appeal from an order of the circuit court refusing to vacate a levy on an execution issued upon a judgment in said cause.

It appears that plaintiffs brought an action in claim and delivery to obtain possession of two horses, which they claimed to be entitled to possession of under and by virtue of a chattel mortgage. Verdict and judgment were for the plaintiffs as to one horse and for the defendant as to the other. The horses had remained in the possession of the defendant pending the action, they never having been seized under any order of the plaintiffs. The judgment was dated July 10, 1907, and, as to the horse awarded plaintiffs, it was in the usual form of an alternative judgment for the horse or its value, and also for costs in plaintiffs' favor. From the affidavits filed upon this motion to vacate such levy it would appear that on July 13, 1907, defendant wrote to the plaintiffs requesting them to come and get the horse awarded them. This request reached the plaintiffs, and on July 29, 1907, one of them went to defendant's premises and was advised that the horse in question was dead, that it died about a week before out in a slough in the pasture. Defendant showed to the plaintiff the mound .which he claimed covered the body of the horse, and this plaintiff also saw a soft, marshy place in the pasture where this mound was. Plaintiff was not shown the

body of the horse. August 14, 1907, defendant was advised by his attorneys that an execution was about to issue to collect the costs. On the 16th day of August the sheriff served on defendant a notice of levy and made a levy on defendant's personal property to cover the costs of execution, costs of action, and value of horse. On August 17th defendant paid to the clerk of courts on such judgment the amount of the costs allowed in the judgment as well as the costs on execution accrued. Defendant alleged that plaintiffs were threatening to proceed to sell the property levied on to satisfy that part of the judgment awarding plaintiffs the value of the horse in case return could not be had. The defendant alleged that the horse came to its death through no fault of his. Upon this showing the circuit court refused to recall the execution and vacate the same, and declare the judgment satisfied.

It is the contention of the defendant that inasmuch as he had offered to deliver the horse after judgment, and before plaintiffs came after it, and the horse died through no fault of his, it worked a satisfaction of that part of the judgment awarding plaintiffs possession of the horse or its value. Defendant, appellant here, is unable to cite any authorities in support of such contention, and he is clearly wrong in same. No duty rested upon plaintiffs to go after the horse. Regardless of what the rights of either party may have been before judgment, after the judgment was entered, the defendant retained possession of this horse at his own peril. If he desired to protect himself against the alternative judgment for value of horse, he was bound to return the horse to plaintiffs. Plaintiffs, if they saw fit, could allow their judgment to stand without issue of execution, desiring that a time would come when defendant would be unable to turn over the horse, and they then be able to collect the alternative judgment which might be more than the horse was worth. Cobbey's Law of Replevin, §§ 723, 1182, 1189; Eickhoff v. Eikenbary, 5 Neb. 332, 72 N. W. 308. Under our practice it is unnecessary to seize the property pending the suit, and therefore an action may proceed to judgment without any bond being given by either party; but in case the plaintiffs had seized the property under an

order as provided by statute, and defendant had given a redelivery bond as provided by section 189 of the Code of Civil Procedure, the condition of the bond would have been for the delivery of the property to the plaintiffs, if such delivery be adjudged. Certainly his liability after judgment, where no bond has been given, is equal to what his liability under a redelivery bond would have been, and he could not plead death of the horse, after redelivery to him, in defense to an action brought on redelivery bond.

The case of Hinkson v. Morrison, 47 Iowa, 167, was such a case, where action was brought on defendant's redelivery bond, and where defendant attempted to plead as partial defense the death of one horse. The court said: "We think the defendant's bond cannot be discharged pro tanto by showing the mere fact that one of the horses died. By the verdict his detention of the horse was found to be wrongful. His undertaking is absolute to return the property in as good condition as it was when the action was commenced. His obligation is entirely different from that of a bailee rightfully in possession." In Lillie v. McMillan, 52 Iowa, 463, 3 N. W. 601, the plaintiff took possession of property pending the suit. The jury found in favor of the defendant, it appearing that one horse and one cow had died, the defendant elected to take money judgment, and the court held that this was his right to take money judgment not merely for the property that had died and alternative judgment for that in existence, but money judgment for all the property, including that which had died.

It being therefore clear that the party against whom an alternative judgment issues in replevin suit cannot be excused from liability under such judgment, either in part or whole, by the loss or destruction of the property in question while in his possession, the order of the circuit court refusing to recall the execution herein and declare judgment satisfied was correct, and such order is affirmed.

McCOY, J., taking no part in the decision.