LAWER AUTO SUPPLY v. TETON AUTO CO. ET AL.
(No. 1482; July 17, 1928; 269 Pac. 29)
(Rehearing denied January 3rd, 1929)

*O. N. Gibson,* for plaintiff in error.

16

*M. C. Burk,* for defendants in error.

RINER, Justice.

On January 27, 1925, in the District Court of Fremont County, Wyoming, the Lawer Auto Supply Company, a corporation, as plaintiff, obtained a judgment against Teton Auto Company, a corporation, L. B. Gaylord and A. C. Olson, as defendants, for the return of a certain auto truck described in the petition, and "unless the same is returned to plaintiff within ten days from the date hereof, that plaintiff have judgment against defendants Teton Auto Company and L. B. Gaylord for the sum of $800." That judgment became final, as no proceedings to secure its review were ever completed, though it appears that several extensions of time for the preparation and presentation of a bill of exceptions were granted defendants, and though an undertaking on appeal seems to have been filed on December 7, 1925.

On August 14, 1926, upon motion of plaintiff, the court made an order to the effect that plaintiff have execution against defendants for the value of the property found in the judgment, as above set out. What transpired in the interim is not at all clear from the papers before us, but finally on August 24, 1927, an execution was issued upon said judgment to obtain the satisfaction thereof. This execution was, upon motion of the defendants, quashed by an order made by the court on October 8, 1927.

From this order the proceedings in error now before us have been prosecuted. An inspection of the file of the case shows a petition in error complaining of the order in question, a transcript of journal entries and original

papers in the cause, but no bill of exceptions. It is apparent that no bill was ever prepared and presented to the court below, and counsel urge that we can and should review the order attacked by the petition in error without the presence of a bill of exceptions in the record.

The weight of authority is against this contention. In 4 C. J. 167, Sec. 1774, it is said:

"Matters and proceedings occurring and taken subsequent to the judgment are not part of the appeal record, unless duly preserved by bill of exceptions or other appropriate means.

"Orders entered after final judgment, to be reviewable, on appeal from the final judgment, must be preserved by a bill of exceptions, case, or statement."

And see the many cases cited in the notes which abundantly support the text. And Section 1777, page 168, of the same authority, more specifically says:

"Neither the order granting execution nor the motion therefor, * * * a motion to quash an execution, * * * are a part of the record proper."

In Corby v. Tracy, 62 Mo. 511, where it appeared that the appellate court was asked to review an order made by the court below overruling a motion to quash an execution issued in the cause, and it was insisted, as here, that the motion to quash, not being part of the record and not being saved in a bill of exceptions, the decision should be upheld, the opinion disposed of the point thus:

"The plaintiff has urged upon our attention the fact, that the motion to quash the execution, even though it should be considered a proper step in the cause, is not embodied in the bill of exceptions; and under our previous decisions it cannot be considered. (State v. Wall, 15 Mo. 208; London v. King, 22 Mo. 336; Blount v. Zink, 55 Mo. 455.)"

And the ruling was, therefore, affirmed.

The statements of the law already quoted are in entire harmony with decisions of this court extending over a period of many years. See—to give but a partial list—Syndicate Improvement Company v. Bradley, 6 Wyo. 171; Burns v. Chicago B. & Q. Ry. Co., 14 Wyo. 498; Littleton v. Burgess, 16 Wyo. 58; Grover Irrigation and Land Company v. Lovella Ditch, Reservoir and Irrigation Co., 21 Wyo. 204; Fitzpatrick v. Rogan, 27 Wyo. 388; "W" Sheep Co. v. Pine Dome Oil Co., 32 Wyo. 61; Newark Fire Insurance Co. v. Central Wyoming Automobile Club, et al., 36 Wyo. 540.

It is argued that Section 5866, W. C. S. 1920, upholds plaintiff in error's view of the matter. But in Burns v. Chicago B. & Q. Ry. Co., supra, it was said concerning that statute:

"Again, although the statute provides that, 'when the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing it to be noted at the end of the entry that he excepts' (Rev. Stat. 1899, Sec. 3742), that provision applies only where the decision would properly be entered of record, if no exception was taken to it. (Lockhart v. Brown, 31 O. St. 431.)"

And in "W" Sheep Co. v. Pine Dome Oil Company, supra, this court, speaking of a motion for new trial, remarked:

"The bill is needed in any case to identify the motion; for even if there be a journal entry showing a motion to have been overruled, and there usually is, that entry would not, and could not properly, identify it. An attempt to do so by embodying the motion in the entry would be improper."

Finally, Mr. Justice Potter, in the comparatively recent case of Newark Fire Insurance Co. v. Central Wyoming Automobile Club, et al., supra, used this language:

"There is assigned as error in the petition in error only: 1. That the trial court erred in overruling the motion for a new trial. 2. That the order overruling the motion for a new trial is contrary to the court's findings. 3. That the court erred in permitting plaintiff to withdraw their motion to modify the findings of fact and judgment, without notice to plaintiff in error or giving plaintiff in error an opportunity to be heard upon such motion to withdraw. But those motions are not in the bill of exceptions and could not be considered for any purpose whatever in this proceeding in error unless incorporated in such a bill. Under a long line of decisions of this court, motions do not constitute part of the record proper and hence they, together with the action of the court thereon, and the exception thereto, if any, must appear in a bill of exceptions to be considered by this court in a proceeding in error."

We are unable to see that there is any difference in principle between the various motions and orders before the court in the several Wyoming cases to which reference has been made and the motion and order now under consideration. There has been no attempt at distinction made by the plaintiff in error. We have carefully examined the statutory provisions which it has called to our attention, as well as the authorities it has cited concerning the point, but we cannot see that they lead to a conclusion at variance with the previous utterances of this court.

As there is nothing before us in the case at bar which, for the reasons given, can be considered, upon the application of counsel for defendants in error, we are, perforce, obliged to affirm the decision concerning which review is sought, and it will be so ordered.

*Affirmed.*

BLUME, C. J., and KIMBALL, J. concur.

### ON PETITION FOR REHEARING

RINER, Justice.

An order has been entered denying the petition for rehearing in this case. That petition, in large measure, undertook to reargue the same points previously submitted to

the court. It was, however, suggested that in our opinion herein, one of the previous decisions of this court had been overlooked, as well as some provisions of law relative to the matters considered. The case of Underwood v. David, 9 Wyo. 178, is said to be at variance with our conclusion in the instant case. But in this we think plaintiff in error is mistaken. There this court was asked to review an order made by the District Court, vacating a former order confirming a sale to Underwood upon an execution issued upon a judgment rendered in the case. This action was taken by the trial court by reason of a protest filed in behalf of the defendants in error. Both orders merely recited that the matter was heard upon a protest against the confirmation of the sale, but were altogether silent—to quote the language of that opinion—''regarding the nature of the protest and objections to confirmation.'' There was no bill of exceptions. It was urged then, as now, that the record proper disclosed all that was required for a determination of the questions presented by the petition in error. But the decision was against this contention, the only point determined appearing in the following language of the opinion:

''It appearing affirmatively that the hearing was had, and the order complained of made and entered, upon consideration of a written protest not in the record, we cannot say that the decision was founded alone upon the record proper. Again, without the protest, this court must remain unenlightened as to the matters which entered into the determination of the court below, and as to the points or questions really decided.''

The view thus expressed is in entire harmony with what we have heretofore said in the case at bar. Even if we assume that the order appealed from is properly before us, an inspection of that order shows merely that it was made upon the presentation of a motion to quash the execution, but contains nothing indicating the grounds upon which the motion was based. Neither do the grounds of objection

of plaintiff in error to the order appear therein. See Section 5866, W. C. S. 1920.

It is true that some general language was used in the Underwood case to the effect that an execution is a part of the record proper, but the section of the statute governing the matter which is cited immediately following this language and with which it must be construed, would appear to have reference only to the record made by the clerk in the execution docket of the sheriff's endorsements on the execution, which the statute (Sec. 5975, W. C. S. 1920) says "shall be held to be a part of the record of the court." Even whether the word "record" as used in the clause last quoted, refers to the legal record of the case, as defined by Section 5903, W. C. S. 1920, or merely the general court records, such as the dockets, is not altogether clear, for we find the texts on Ohio practice—the state from which all these statutes were borrowed—declaring that the complete record of the case closes with the final judgment. And this, of course, was the rule at common law. In Kinkead's Ohio Civil Procedure, Sec. 192, it is said:

"The record is a memorial or history of what has been done in the case from its commencement, the issuance of the summons, until final judgment is rendered, copied by the clerk into a book called the complete record."

The solution of these problems was not attempted in the Underwood case, nor is it necessary here.

Our attention has been directed also to Section 5542, W. C. S. 1920, but we are unable to see that it has any bearing upon the matter in hand, as it simply enumerates the list of books which it is the duty of the clerk of court to keep. It does not purport to discuss what shall constitute the legal record of a cause.

The judgment in the case at bar appears to be in the alternative, and, as heretofore remarked, has become final and binding upon the parties. What has been done by them in obedience to, or in disregard of it, does not appear.

It is said that the preceding order of the court, made August 14, 1926, directing the issuance of an execution for the value of the property, unless otherwise ordered by the court, is conclusive. But the order under review is later in point of time and is in effect contrary to the earlier one. What was presented to the court below, under the motion to quash, which produced an order at variance with its former ruling, yet apparently endeavoring to follow the final judgment, we have no means of knowing, as the motion is not before us by a bill of exceptions as it should be. The order attacked recites merely a reason which actuated the trial court in reaching the determination set forth therein. It has sometimes happened that a wrong reason is advanced to account for a correct result. The facts presented on the hearing of the motion to quash may have fully justified the lower court's pursuing the course it did.

That an accurate conclusion may be reached here, it is imperative that this court have the situation as it was presented to the District Court properly brought before it. We are quite as anxious as the parties themselves to determine all matters submitted to us in accordance with the law and to reach a just result. We do not, however, believe that any hardship will be produced by the requirement that motions of the character now under consideration should be incorporated in a bill of exceptions when proceedings in error are instituted. But if that method should not be deemed satisfactory by litigants, there is, of course, the direct appeal mode of securing a review where a bill of exceptions is never required.

Entertaining these views, in our judgment the order denying the petition for rehearing was correct and should stand.

BLUME, C. J., and KIMBALL, J., concur.