## LAWER AUTO SUPPLY CO. v. TETON AUTO CO.
(No. 1599; Feb. 18, 1930; 284 Pac. 1001)

The action was submitted for the appellant on the brief of *M. C. Burk,* of Riverton, Wyoming.

The cause was submitted for respondent on the brief of *O. N. Gibson,* of Riverton, Wyoming.

BLUME, Chief Justice.

On November 29, 1924, the plaintiff brought an action to recover the possession of an auto truck. Judgment was rendered in the case on January 27, 1925, in which the court, Judge Burgess presiding, found that the plaintiff, at the time of the institution of the suit, was the owner of and entitled to the possession of the truck in question; that the defendants, Gaylord and Teton Auto Co., unlawfully detained the same; and that the value of the truck was the sum of $800. The court accordingly proceeded to render judgment in favor of the plaintiff as follows:

"Wherefore, it is considered, adjudged and decreed by the court that plaintiff have judgment for the return of the truck described in the petition, and unless the same is returned to the plaintiff within ten days from the date hereof, that plaintiff have judgment against defendants, Teton Auto Company, and L. B. Gaylord, for the sum of Eight Hundred Dollars."

The truck was not returned within the time fixed by the judgment, and so far as the record shows has never been returned or offered to be returned. Perhaps by reason of this fact an order was entered in the case on August 14, 1926 — Judge Cromer presiding in court — which is as follows:

"Now come the parties, plaintiff and defendants in the above entitled cause, and plaintiffs motion for execution coming on regularly to be heard and being submitted to the court, the court finds that the same should be granted. It is therefore ordered that plaintiff have execution against the defendants for the value of the property found in said judgment, together with interest thereon at the rate of seven per cent per annum as provided by law, and that the clerk be directed to issue said execution accordingly, on September 14th, 1926, unless otherwise ordered by the court.

"Done in open court this 14th day of August, 1926."

On August 24, 1927, an execution was issued pursuant to the order of the court last mentioned. Thereupon the defendants filed a motion to quash the execution and on October 8, 1927, the court, Judge Fourt presiding, made and entered the following order:

"Now on this 8th day of October, 1927, the above entitled cause coming on regularly to be heard upon the motion of defendants to quash the execution issued in this said cause on the 24th day of August, 1927, and the plaintiff being now represented by its counsel, O. N. Gibson, and the defendants being now represented by their counsel, M. C. Burk, and the matter now being presented on motion to quash the execution, and it appearing to the court that the judgment made and entered on the 27th day of January, 1925, was and is an alternative judgment; that execution in this cause must conform to said judgment and be in the alternative; that the said execution issued on the 24th day of August, 1927, was and is an execution in form of that upon a money judgment only, and that said execution does not conform to the judgment: It is therefore ordered, that the execution heretofore issued in this said cause on the 24th day of August, 1927, and directed to the coroner of this county, and directing him to collect said judgment, be and the same is hereby quashed, set aside and held for naught, and the said coroner is hereby directed to return said execution into this court without further action, for the reason that said execution is not in the alternative."

An appeal was taken to this court in which we refused to review the foregoing order on account of the fact that no proper bill of exceptions had been presented in the case. Lawer Auto Supply v. Teton Auto Co., et al., 39 Wyo. 14, 269 Pac. 29, 273 Pac. 545. Thereafter, the plaintiff, Lawer Auto Supply, filed a motion in the case to be permitted to cause another execution to be issued. Leave was granted by order entered on January 15, 1929. An execution was issued on May 1, 1929, which had no alternative provisions. A motion to quash was filed on the

same grounds that are urged as error in this court and hereafter mentioned. The motion came on for hearing and was overruled on May 3, 1929, and from this order the defendants, Teton Auto Co. and L. B. Gaylord, appellants herein, have appealed to this court.

■ The first error assigned is that the court erred in overruling and denying the motion to quash for the reason that the execution was not in conformity with the judgment; that is to say, that it should have permitted the appellants to return the truck instead of paying money. It seems to be the contention of counsel, though the judgment of January 27, 1925, specifically states that plaintiff should have judgment for the sum of $800 unless appellants returned the truck within ten days from that date, that the duty to return arises only at the time when an execution is issued and that the judgment of the court should be construed to mean that. He seems to think, for instance, that if an appeal is taken from a judgment of the character here mentioned and the property involved in the dispute becomes worthless in the hands of the defendant in the meantime, the defendant nevertheless has the option of returning the property when an execution is issued in the case thereafter, and that the court cannot abridge that right. This contention of the appellant cannot, however, be sustained. In the case of Eickhoff v. Eikenbary, 52 Nebr. 332, 72 N. W. 308, where the plaintiff had possession of the property and judgment had been rendered against him, the court said as follows:

"It is the general doctrine that it is the affirmative duty of the plaintiff to comply with the judgment by returning the property or offering to do so. It is not his duty merely to yield to process having that object. If he fails to perform this duty, the defendant may proceed to collect the money judgment by ordinary process. Cobbey, Repl. 1179, 1182."

So it was said in Schleuning v. West, 34 S. Dak. 356, 148 N. W. 604:

"It has been settled by this court that upon the recovery of an alternative judgment in replevin for the possession of specific personal property against a party in possession of such property, it then becomes the affirmative duty of such party to return such property to the party found to be entitled to the possession thereof. * * * And this seems to be in harmony with the general rule. * * * This of course means that it must be returned in substantially the same condition as it was at the commencement of the action."

In Ewald v. Boyd, 24 S. D. 16, 123 N. W. 66, 24 L. R. A. N. S. 739, judgment was rendered against the defendant who was in possession of a horse involved in the case. Before execution was issued the horse died, and the defendant contended that the judgment was thereby satisfied. The court, however, said:

"No duty rested upon the plaintiff to go after the horse, regardless of what the rights of either party may have been before judgment. After the judgment was entered, the defendant retained possession of this horse at his own peril. If he desired to protect himself against the alternative judgment for value of the horse, he was bound to return the horse to plaintiffs. Plaintiffs, if they saw fit, could allow their judgment to stand without issue of execution, desiring that a time would come when defendant would be unable to turn over the horse, and they then be able to collect the alternative judgment, which might be more than the horse was worth."

In the case of Capitol Lumber Company v. Learned, 36 Or. 544, 59 Pac. 454, 78 Am. St. Rep. 792, the plaintiff in replevin took possession of the property in controversy and judgment was rendered for the defendant. The court, in speaking of the duty to return the property, said in part as follows:

"When a return of personal property is adjudged in an action for its recovery, it is the duty of the plaintiff, if he has secured possession thereof pending the litigation, and would escape the penalty of his undertaking, to take active measures to redeliver it to the defendant, within a reasonable time, in the same condition as when taken. Cobbey, Repl., § 1182; Parker v. Simonds, 8 Metc. (Mass.) 205; Berry v. Hoeffner, 56 Me. 170. This rule imposes upon the plaintiff in such case the duty of seeking the defendant in the action, and tendering the property to him, if it be readily capable of manual delivery; but if such a course is difficult, by reason of its bulky character, an offer to redeliver it to the defendant is all that the law enjoins."

In 23 R. C. L. 903 it is said:

"When a return of personal property is adjudged in an action for its recovery, it is the duty of the plaintiff, if he has secured possession thereof pending the litigation, and would escape the penalty of his undertaking, to take active measures to redeliver it to the defendant, within a reasonable time, in the same condition as when taken."

And on page 907 it is said:

"It is the general rule that where property has been taken in replevin, to comply with the alternative judgment for its return it must be returned in substantially the same condition as when taken, and without deterioration in value."

In Dupree v. Jordan, 123 Okl. 91, 252 Pac. 67, and Gerber v. Wehner, 96 Okl. 48, 220 Pac. 648, it was held that there is no duty or obligation on the part of a successful plaintiff in a replevin action to have a writ issued for the purpose of recovering the property in the hands of the defendant, but that it is the duty of the defendant to return the property promptly. See also Jarecki Mfg. Co. v. Fleming, 130 Okl. 95, 265 Pac. 628, 57 A. L. R. 802.

Further, the contention that the provision contained in the judgment of January 27, 1925, giving the appellants ten days' time in which to return the truck, should be construed to mean ten days from the time of the issuance of a valid execution, has, of course, no merit. The judgment is plain in that respect and needs no construction. Nor is the provision void. Even though the court had no right to fix a definite time, or though that time might not have been altogether reasonable, the judgment was voidable at most and not void. White Auto Co. v. Hamilton, 31 Wyo. 390, 398, 226 Pac. 687; Boswell v. Bank, 16 Wyo. 161, 92 Pac. 624, 93 Pac. 661; see Cermak v. Bonding & Surety Co., 211 Ill. App. 337. Hence whatever defect the judgment contained could not be reached collaterally by a motion to quash the execution. 23 C. J. 537.

We think it clear from what has been said that the court did not err in overruling the motion to quash for two reasons: First, more than three years had passed since the rendition of the judgment, and more than a reasonable time had then elapsed for the return of the truck and it could not then be returned, at least without showing that it was then substantially in the same condition as it was at the time of the commencement of the action; second, the specific direction of the court that appellants should have only ten days for that purpose commencing with January 27, 1925 was binding, at least in the absence of direct attack thereon.

■ Counsel for appellants also contends that the order of the court made on October 8, 1927, is *res judicata* herein; that the court ruled at that time that an execution issued in the case should contain an alternative provision, and that it had no right to change its ruling thereafter and reverse its former holding. It seems to be held in some cases that the granting or refusing of a motion to quash an execution is not *res judicata* of any matter, and

does not for instance, prevent the issuance of another execution, or a subsequent renewal of a motion to quash upon the same or different grounds where jurisdiction of the subject matter remains in the same tribunal. Rockwell v. Lake County District Court, 17 Colo. 118, 29 Pac. 454, 31 Am. St. Rep. 265. And see also Lee v. Thompson, 132 Ky. 608, 116 S. W. 775; Davie v. Long, 4 Bush (Ky.) 574. In some circumstances, however, a ruling on a motion to quash has been held as *res judicata* of the matters passed upon. 23 C. J. 546; Freeman on Executions, § 77; Creditors Etc. Co. v. Newman, 185 Cal. 509, 197 Pac. 334; Wheeler v. Eldred, 137 Cal. 37, 69 Pac. 619. We need not enter into a discussion as to that phase of the law. It may be said in the first place, that to grant an alternative right under an execution, such as is in question here, within a short time after judgment is rendered is one thing; to grant that right after the lapse of a long time is another. That is apparent from what has already been heretofore said. Again, counsel's contention is based on the theory that the court, in the order of October 8, 1927, held and adjudicated that whatever execution was issued in the case should give the appellants the right to return the truck at that time. We think counsel is mistaken. The court merely made an order as to the form of the execution. If the court meant to rule, as counsel contend, it would thereby have intended to amend the judgment of January 27, 1925, eliminating the ten days clause therein, and substituting another. But no such intention can be gathered from the contents of the order. It is clearly and unmistakably apparent therefrom that the court did not intend to modify the judgment of January 27, 1925, but, on the contrary, intended to carry it into effect. The statements in the order, and in two places therein, that the execution should conform to the judgment, are conclusive on that point. In other words, the court, by directing that

the execution should be in conformity with the judgment and at the same time should be in the alternative, could only have meant that it should direct the sheriff, that if he found that the truck had not been returned in conformity with the judgment, that is to say, within ten days after January 27, 1925, he should then proceed to collect the $800 specified in the judgment. An execution in that form would, of course, have strictly complied with the original judgment, as well as with the order of Judge Fourt. But, of course, whatever adjudication there was, was on a wholly immaterial matter, since it is conceded that the truck was not returned as the original judgment directed. An execution permitted by the order of May 3, 1929, is, accordingly, in effect the same kind of execution permitted by the order of October 8, 1927, and hence there is no inconsistency of substance between the two orders. Furthermore, the order of Judge Cromer heretofore mentioned was not in any way mentioned, modified or set aside in the order of October 8, 1927, and would still have to be given effect, if necessary.

The order appealed from is accordingly affirmed.

*Affirmed.*

KIMBALL and RINER, JJ., concur.