HOEH, RESPONDENT, v. KIRBY ET AL., APPELLANTS.

(No. 7,289.)

(Submitted December 4, 1934. Decided January 2, 1935.)

[39 Pac. (2d) 657.]

*Mr. E. K. Cheadle, Jr.,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Henry McClernan,* for Respondent, submitted a brief and argued the cause orally.

394

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In June, 1929, one C. H. Withers brought action against this plaintiff, Arthur Hoeh, for the recovery of an oil-drilling rig and boiler, and secured possession thereof on filing an undertaking in claim and delivery in the sum of $3,000, with defendants, G. W. Kirby and Agnes K. Larson, as sureties. The undertaking is in the usual form for the return of the property, if adjudged, or for its value, if return cannot be had. The trial of the action terminated in judgment for Hoeh, in

the alternative, the value of the property being therein fixed at $1,400, entered in March, 1930.

In June, 1931, Hoeh, being still out of possession of the property, brought action on the bond; the bondsmen defaulted, and a default judgment was entered against them, but was thereafter set aside in an action brought for that purpose (see *Kirby* v. *Hoeh*, 94 Mont. 218, 21 Pac. (2d) 732); the sureties answered and as a separate defense alleged that, prior to the commencement of the action, they offered to return the property in substantially the condition in which it was when taken, but that the plaintiff refused to accept it, and failed and refused to designate any reasonable place to which it could be returned. At the close of the taking of testimony on the issue thus raised, the court directed the return of a verdict in favor of the plaintiff, and judgment was entered in his favor in the sum of $1,829.50, with costs. The defendants have appealed from the judgment, contending that the court erred in directing the verdict.

The question as to the correctness of the court's ruling must be determined by a consideration of the evidence, viewed in the light of the following well-established rules:

Where there is no conflict in the evidence and but one conclusion can be drawn therefrom by reasonable men, the trial court may direct a verdict or withdraw the case from the jury. (*Quinlivan* v. *Brown Oil Co.*, 96 Mont. 147, 29 Pac. (2d) 374.)

The motion for a directed verdict is, in effect, a demurrer to the evidence, and, in its consideration, every fact must be deemed proved which the case, made by the party against whom the motion is directed, tends to prove, and the case should not be taken from the jury unless it follows as a matter of law that such party cannot recover upon any view of the evidence, including the legitimate inferences to be drawn from it. (*Maki* v. *Murray Hospital*, 91 Mont. 251, 7 Pac. (2d) 228; *Autio* v. *Miller*, 92 Mont. 150, 11 Pac. (2d) 1039; *Pierce* v. *Safeway Stores*, 93 Mont. 560, 20 Pac. (2d)

253; *Exchange State Bank* v. *Occident Elevator Co.*, 95 Mont. 78, 24 Pac. (2d) 126, 90 A. L. R. 740.)'

The evidence before the trial court was as follows: The defendant Kirby was not only a surety for Withers in the claim and delivery action, but also his copartner, and the partnership had included the drilling rig and boiler in a chattel mortgage to a third party in December, 1929, which mortgage remained in apparent force and effect until August 8, 1930. In July, 1930, W. M. Black, attorney for Hoeh in the claim and delivery action but not in the instant case, called Kirby to his office in Shelby to meet Hoeh. Kirby testified that at that time he offered to return "the machine," and Hoeh "offered to accept when I could show that there was no indebtedness against [it?] and then he refused to accept it, but that was later." Later he testified that he never thereafter talked with Hoeh. He stated that "there was nothing said about the place where the property should be delivered. There was not any conversation with reference to that; * * * he never told me where to deliver it. I have been able and willing ever since that offer was made to deliver that property to him and all of it."

Black, testifying for the defendants, stated that Hoeh agreed to accept the return of the rig but "was not entirely satisfied with the title at the time." Mr. Kirby represented to him that he would clear up the title and would make a good and sufficient bill of sale for the outfit. I believe he said he would deliver it immediately after the foreclosure of the chattel mortgage." The witness testified that the parties had some conversation with respect to the place where the rig should be returned, but that "that feature really escaped my recollection." Later he testified: "I don't remember that Kirby at that time asked Hoeh to designate a place for delivery." He further testified that there were certain "claims" against the property in addition to the chattel mortgage.

The property was sold on foreclosure of the chattel mortgage on August 8, 1930, and the purchaser executed a bill of sale thereof to Hoch and delivered it to Black, who notified

Hoeh and advised him that the purchaser had taken care of certain claims, which, in his opinion, "left your outfit in the clear." He further advised Hoeh that he could see "no possible way" that one Davis, evidently a claimant, could now make any claim against the property, and advised Hoeh to "have your machine and boiler moved onto your own premises somewhere as soon as possible." Hoeh answered by telegram, stating that he was not interested in the bill of sale and could "not afford to be there and move machinery and at their will."

After the title was cleared, if it was, nothing was done by the defendant Withers, or his bondsmen, other than to have the bill of sale delivered to Black; no offer to return the property was made, and no request was made of Hoeh that he designate a place where delivery could be made.

When an alternative judgment in a claim and delivery action has been entered against a plaintiff who has secured possession of the property pending the litigation, it is the duty of the plaintiff, if he would escape the penalty of his undertaking, to take active measures to redeliver the property to the defendant within a reasonable time, in the condition in which it was when taken. He must seek the defendant and tender the property to him, if it is readily capable of manual delivery; but, if it is so bulky as to render such action impractical, he may merely make a tender thereof, and, if the tender is rejected, his duty is discharged. (23 R. C. L. 903; *Leeper, Graves & Co.* v. *First Nat. Bank*, 26 Okl. 707, 110 Pac. 655, Ann. Cas. 1912B, 302, 29 L. R. A. (n. s.) 747; *Capital Lumbering Co.* v. *Learned*, 36 Or. 544, 59 Pac. 454, 78 Am. St. Rep. 792.) However, if the party entitled thereto, accepts the offer to return the property, the party so tendering must ask him to appoint a place to which the property shall be delivered, and, if a reasonable place is designated, it is the duty of the plaintiff to deliver the property to the place designated. On the other hand, if the person to whom tender is made neglects or refuses to designate the place of return, or if the place designated is not a reasonable one, the person

making it may himself select any suitable and reasonable place, with due regard to the convenience of the other, and delivery there, with notice to the other, will discharge the duty. (*Gans* v. *Woolfolk*, 2 Mont. 458; *Miles* v. *Roberts*, 34 N. H. 245; *Jarecki Mfg. Co.* v. *Fleming*, 130 Okl. 95, 265 Pac. 628, 57 A. L. R. 802, and note; *Lawer Auto Supply Co.* v. *Teton Auto Co.*, 41 Wyo. 263, 284 Pac. 1001, 67 A. L. R. 1492.)

Scanning the evidence above outlined, it will be seen that at the time of the alleged tender title to the property was clouded by a chattel mortgage and other claims. Section 9225, Revised Codes 1921, declares that "it is the duty of the party against whom such judgment [in claim and delivery action] shall be rendered to return the same in as good condition as the same was when possession thereof was taken by him." Under this provision the owner would not be required to take over his property with a lawsuit to clear his title thereto. The result of the only conversation held between Kirby and Hoeh was to hold the matter in abeyance pending the clearing of the title. Neither then nor at any time thereafter did Kirby, or anyone bound with him for the return of the property, request Hoeh to designate a place of delivery, and when, not the property, but merely a bill of sale thereof, was delivered, Hoeh was advised that he could have the property wherever he could find it and move it himself to his own property. No duty rested upon him to do so. (*Ewald* v. *Boyd*, 24 S. D. 16, 123 N. W. 66, 24 L. R. A. (n. s.) 739.) If it is contended that the delivery of the bill of sale constituted a second tender, it fell far short of constituting a legal tender.

The court did not err in directing the verdict. The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN and STEWART concur.

MR. JUSTICE ANDERSON, being disqualified, takes no part in the foregoing decision.