[Filed November 23, 1887.]

## CHARLES PUTNAM et al., Appellants, *v.* WILLIAM S. WEBB, Respondent.

Equity — When Relief Granted in.— A judgment was obtained before a justice of the peace in an action for the recovery of personal property. Judgment was entered for the return of the property, but the justice omitted the alternative part of the judgment as to value, in case a delivery could not be had. The defendant in that action appealed, and then dismissed his appeal. The appellate court failed to enter judgment at the time of the dismissal. Subsequently the justice of the peace corrected his docket, and entered judgment for the value of the property. The appellate court also entered a final judgment in the case for the property, or its value. The defendant now seeks to enjoin the enforcement of the judgment. *Held*, he has no standing in a court of equity until he has complied with that portion of the judgment against which no complaint is offered.

Judgment, Erroneous — Must be Corrected by Appeal. —If a judgment of the Circuit Court is erroneous, the proper remedy is not through a court of equity, but by appeal from the judgment. (Hill's Code, § 535.)

APPEAL from Klamath County.   Affirmed.

*Cogswell & Cogswell,* and *Warren Truitt,* for Appellants.

*P. P. Prim,* for Respondent.

STRAHAN, J.—This is a suit in equity to enjoin the enforcement of a judgment of the Circuit Court of Klamath County. It appears from the transcript that in May, 1883, the respondent commenced an action of replevin before a justice of the peace of Linkville precinct, against Charles Putnam, who was then sheriff of the county, to recover the possession of a mare of the value of two hundred dollars.   That such proceedings were thereafter had in said action, that the plaintiff recovered a judgment therein for the possession of said mare, or two hundred dollars, the value thereof, in case delivery could not be had; but the justice failed to enter in his docket the alternative part of said judgment at the time, but entered it simply for the recovery of the mare.   The defendants appealed to the Circuit Court, but voluntarily dismissed their appeal.   By some oversight, said Circuit Court failed to enter final judgment in favor of the respondent in the appeal at the time the same was dismissed.   Thereafter the justice, of his own motion, wrote in his docket the alternative judgment, not in precise technical form but substantially.   Subsequently the Circuit Court entered a final judgment therein for the recovery of the mare, or two hundred dollars, the value thereof, in case delivery could not be had; and this is the judgment which the plaintiff seeks to enjoin by this proceeding.

1. The case made by the complaint is without equity.   Here is the judgment of two courts that the plaintiffs have wrongfully taken and detained the defendant's mare, and awarding a return thereof:   Until this judgment, as to the return of the mare, is complied with, or some good and sufficient reason shown for not complying with it, the plaintiffs shall not be heard to complain of the entry of the alternative judgment.   Until he complies with, or performs so much of the judgment as is admitted to be rightful, he shall not be allowed to complain of the other part of it.   " He who seeks equity, must do equity."

2. It is claimed that the Circuit Court erred in entering the judgment sought to be enjoined. If it be conceded that the entry of this judgment was erroneous, it would not follow that the error could ·be corrected by a suit in equity. An appeal is the proper remedy in such case, and it would seem the only proper remedy. (Hill's Code, § 535.) We do not, at this time, enter into the question as to whether the action of the justice in attempting to correct his errors in the manner described was regular or not, nor as to whether there was error in the judgment of the Circuit Court.

In the view entertained by the court, these questions are not now material. The plaintiffs show no equity to enable them to attack either of said judgments. The decree will be affirmed.

LORD, C. J., concurring. — The admitted facts upon this record are fatal to the relief sought. The plaintiff knew of the error or defect of which he now complains, and seeks relief by injunction at the time of the entry of judgment in the original action, and his refusal to rely upon this defect by the voluntary dismissal of his appeal, deprives him of the right now to be heard in equity to contest on this ground the validity of the judgment. In this view it is not necessary to consider or determine what may have been the duty of a court of law in the premises, as his knowledge and subsequent conduct in refusing to avail himself of a remedy at law, to which he had resorted, is a bar to the relief sought. The bill was properly dismissed.