Argued 27 November; decided 26 December, 1899.

## CAPITAL LUMBERING COMPANY *v.* LEARNED.

[59 Pac. 454.]

1. REPLEVIN—STRIKING OUT INCONSISTENT ALLEGATIONS.—An affirmative allegation of the complaint, which is not specifically denied, being admitted (Hill's Ann. Laws, § 94), an affirmative allegation of the answer inconsistent therewith is properly stricken out.

2. REPLEVIN—TENDER BACK OF PROPERTY.—Where, in replevin, plaintiff takes possession of the property, and judgment is rendered for its return, and it is of such a character that it can be moved, plaintiff must seek defendant and there tender it to him in the same condition as when received, to avoid liability on his bond; but where such a course is difficult because of the bulk or weight of the property, it will be sufficient to offer to redeliver it.

3. ACTION ON REPLEVIN BOND—ESTOPPEL TO DENY VALUE.—A recital in a replevin bond as to the value of the property is binding on all the signers of such bond in an action thereon, and estops them from denying such value.

4. RIGHT OF CORPORATION TO SUE.—A corporation is entitled to the same legal rights and remedies as an individual; thus, though a corporation was organized to deal in lumber and to build houses, it may take an assignment of a judgment, and sue thereon.

5. INSTRUCTING ON EFFECT OF WRITINGS.—Where a paper confessedly sufficient in form and execution is in evidence it is the duty of the trial judge to instruct the jury as to its effect.

6. REPLEVIN—TO WHOM TENDER SHOULD BE MADE.—A tender of personal property in satisfaction of a replevin judgment should be made to the holder of the judgment, and not to some other person who may be beneficially interested.

7. CROSS-EXAMINATION—HARMLESS ERROR.—Though a cross-examination may have been on an immaterial point, and hence not proper, it is harmless where the facts were stated on direct examination.

8. ACTION ON REPLEVIN BOND—ESTOPPEL ON SURETY.—In an action against the surety on a replevin bond, the defendant cannot dispute the value of the property; having signed the bond reciting its value, he is bound thereby, though the judgment in the original action was not in the alternative form, but was only for the return of the property, stating its value at the sum named in the bond.

9. ACTION ON IRREGULAR REPLEVIN BOND.—It is no defense to an action on a replevin bond that it is signed by only one surety, while the statute requires a bond executed by two or more sureties.

From Marion : Geo. H. Burnett, Judge.

This is an action by the Capital Lumbering Company to recover the alleged value of certain chattels. The facts are that plaintiff, a private corporation, having secured a judgment in the Circuit Court for Marion County against one N. M. Learned for the sum of $500.45, caused an execution to be issued thereon, in pursuance of which John Knight, the then sheriff of said county, seized as the property of said defendant a horse and hack, three calves, and a heifer, and advertised the same for sale at public auction ; that, prior to the day appointed for such sale, Sarah T. Learned, claiming to be the owner of said property, commenced an action in said court against Knight to recover the possession thereof, alleging the value of each article, the sum of which was $185 ; and having made the required affidavit, and endorsed thereon a request to the coroner of said county to take the property and deliver it to her, she, with one J. B. Stump as surety, executed an undertaking conditioned for the return of the property if a return were adjudged, and for the payment of such sum as might, for any cause, be recovered against her, reciting therein that said property was of the value of $185. The coroner, having approved said undertaking, took the property from the possession of the sheriff, and delivered it to her. On June 20, 1896, Knight secured a judgment against Mrs. Learned in said action for the recovery of said property of the aggregate value, as alleged in her complaint, of $185, and for the sum of $19.40 costs and disbursements ; but said judgment did not provide for the recovery of any sum in case delivery of said property could not be had. Knight assigned said judgment and undertaking to plaintiff, whereupon this action was commenced to recover the sum of $185 as the value of said property, and $19.40, the amount allowed

as costs and disbursements, alleging that defendants had neglected to return any part of said property, or to pay its value. The defendants, denying most of the material allegations of the complaint, averred that immediately after the judgment in the replevin action was given, Mrs. Learned tendered said property to Knight at the place where it was seized, but that he refused to accept or receive any part thereof. The reply having put in issue the allegations of new matter in the answer, a trial was had, resulting in a judgment for the plaintiff in the sum of $204.40, from which the defendants appeal.

AFFIRMED.

For appellants there was a brief over the name of *Holmes & Kellogg*, with an oral argument by *Mr. William H. Holmes*.

For respondent there was a brief and an oral argument by *Mr. R. J. Fleming*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

1. It is contended by defendants' counsel that the court erred in striking certain allegations from the answer, to the prejudice of their clients. It was alleged therein, in effect, that at the time said property was seized it was in the possession of Mrs. Learned, and that the sheriff, after levying thereon, left it upon her premises, situated about three miles east of Salem, where it has at all times since remained. It is argued that, the sheriff not having removed the property when he seized it, it was incumbent upon him, when it was adjudged that he was entitled thereto, to receive it at the same place and in the same condition that it was when his constructive possession was disturbed. The complaint alleged that the sheriff

made a valid levy upon the property and took the same into his possession; and this allegation, not being specifically denied in the answer, is admitted: Hill's Ann. Laws, § 94. The affirmative allegation of the answer which the court struck out being inconsistent with such admission, it was immaterial where the property was left by the sheriff upon its seizure.

2. The part of the answer which relates to where the property was to be found after its return was adjudged is important only when the character of the property and the duty of the defendants with respect to its return are considered. When a return of personal property is adjudged in an action for its recovery, it is the duty of the plaintiff, if he has secured possession thereof pending the litigation, and would escape the penalty of his undertaking, to take active measures to redeliver it to the defendant within a reasonable time, in the same condition as when taken: Cobbey, Repl. § 1182; *Parker* v. *Simonds*, 8 Metc. (Mass.) 205; *Berry* v. *Hoeffner*, 56 Me. 170. This rule imposes upon the plaintiff in such case the duty of seeking the defendant in the action, and tendering the property to him, if it be readily capable of manual delivery; but if such a course is difficult, by reason of its bulky character, an offer to redeliver it to the defendant is all that the law enjoins. Thus, in an action for the possession of a steam engine, boiler, engine house, office, and hay scales, it was adjudged that the property be returned to the sheriff, who had levied thereon, but had not removed it from the place where it was then situated. The plaintiff offered to return it at the place where it was seized, but the sheriff refused to accept it, and thereafter commenced an action to recover its value, whereupon he was perpetually enjoined from enforcing the alternative judgment; the court holding that the property was of such a cumbrous nature as to render its removal incon-

venient, and that the plaintiff had done all that the law required of him in such cases : *Frey* v. *Drahos*, 10 Neb. 594 (7 N. W. 319). So, too, in *Gans* v. *Woolfolk*, 2 Mont. 458, a carpet containing six hundred yards, tacked to a floor, and not removed by the sheriff who seized it, was adjudged to be returned to him, and it was held that the carpet was so bulky as to render it necessary that the parties entitled to it should designate some convenient place to receive it, and, in the absence of such designation, the plaintiff could select a proper place for its delivery. Mr. Justice BLAKE, speaking for the court, in rendering the decision, says : ''The carpet was a bulky and cumbersome article, and the respondents were not required to tender it, like money, to the appellants wherever found. They were obliged to deliver the property at some particular place. If the appellants neglected or refused to appoint the place, the respondents had the right to select it, with a reasonable regard for the convenience of the appellants, and there deliver the goods.'' In *McClellan* v. *Marshall*, 19 Iowa, 561 (87 Am. Dec. 454), plaintiff, having commenced an action in replevin, obtained the possession of a mare, which, upon the trial, was adjudged to be returned to the defendant, and in complying therewith the mare was driven forty miles, and tendered to the plaintiff. In the case at bar the property adjudged to be returned was of such character that it could be taken to the sheriff, and, this being so, it was incumbent upon Mrs. Learned to seek that officer at his place of business, and there tender the property to him in the same condition as when she received it : *Pittsburgh Nat. Bank* v. *Hall*, 107 Pa. St. 583. No error was committed, in our judgment, in striking out the allegation referred to from the answer.

3. It is contended that the court erred in striking out the denial in the answer that the chattels were of the value of $185. It will be remembered that the complaint

in the replevin action alleged that the property was of that value, and that the undertaking executed to secure the possession of the property contained the same recital. Such averment was binding upon Mrs. Learned, and estopped her from contradicting the value she placed thereon. The defendant Stump, though not nominally a party to the action, became such in effect by signing the undertaking, and is to be treated as in court during the litigation, and, not having objected to the proceedings, is concluded by the judgment rendered against his principal : Cobbey, Repl. § 1313 ; 20 Am. & Eng. Enc. Law (1 ed.), 1146 ; 1 Greenleaf, Ev. § 523. Thus the recital in a replevin bond of the value of the property is sufficient evidence of the value in an action on the bond, and estops the plaintiff and his sureties from denying the same : *Wiseman* v. *Lynn*, 39 Ind. 250. To the same effect, see 1 Brandt, Sur. § 45 ; Wells, Repl. § 453 ; *Swift* v. *Barnes*, 16 Pick. 194 ; *Tuck* v. *Moses*, 58 Me. 461 ; *Trimble* v. *State*, 4 Blackf. 435 ; *McFadden* v. *Fritz*, 110 Ind. 1 (10 N. E. 120); *Washington Ice Co.* v. *Webster*, 125 U. S. 426, 31 L. Ed. 799 (8 Sup. Ct. 947). No error was committed in striking out the denial.

4. The plaintiff having been incorporated to manufacture lumber and to erect buildings, it is contended by defendant's counsel that it had no authority to take an assignment of Knight's judgment, and hence no legal capacity to maintain an action of this character. The rule is well settled that, notwithstanding a corporation may have been created for the transaction of certain business, which is specified in the articles of incorporation, it may invoke any legal or equitable remedy which would be available to an individual under similar circumstances : 1 Morawetz, Priv. Corp. § 357. The right of a corporation to sue is a necessary incident to its creation, and, whatever its business may be, any right of action which

necessarily arises therefrom will receive the consideration of a court to which it may apply for relief. To reach any other conclusion would be equivalent to holding that, while plaintiff, under its articles of incorporation, might lawfully engage in the manufacture of lumber, if it sold any of its product on credit to a person who failed to keep his engagements in relation thereto, it could have no remedy for the enforcement of the debt. The statement of such consequence is a sufficient answer to the contention.

5. An exception having been taken to the following instruction, it is contended by defendants' counsel that the court erred in giving it, viz.: "There is an issue, of course, as to whether or not the plaintiff, the Capital Lumbering Company, is the owner of this bond sued upon; and, so far as that is concerned, the written assignment in evidence is sufficient as an assignment of the bond. So I will instruct you, concerning that, that it is proven sufficiently that the plaintiff is the owner of the bond in suit." The bill of exceptions, in referring to the evidence which gave rise to the instruction complained of, contains the following recital: "Plaintiff, to further sustain the issue on its part, offered in evidence a written instrument, properly executed, and in apt and sufficient terms, as far as the form thereof is concerned; the same being an assignment to plaintiff by John Knight of the indemnifying bond above mentioned, and all causes of action in his favor against the defendants herein under said bond, and the judgment in favor of said Knight against the defendant Sarah T. Learned." This assignment being in writing, and its execution admitted, it was the duty of the court, as a matter of law, to instruct the jury as to its effect, and hence no error was committed in giving the instruction.

6. It is contended that the court erred in refusing to

permit William Learned, a witness called by the defendants, to testify concerning an offer he made on behalf of Mrs. Learned to deliver the possession of said chattels to A. N. Moores, secretary of the plaintiff corporation.   The bill of exceptions shows that this offer was made before the judgment was assigned by Knight.   The plaintiff undoubtedly was the party beneficially interested in the judgment secured by Knight as its trustee, notwithstanding which it was the duty of the defendants to tender the property to the latter as long as he was the holder of the judgment:   Cobbey, Repl. § 1181 ;   *Blatchford* v. *Boyden*, 122 Ill. 657 (13 N. E. 801).   No error was committed in refusing to permit the witness to answer the question.

7.   The defendant Mrs. Learned, appearing as a witness in her own behalf, testified on direct examination that said property was in as good condition as it was when seized by Knight, and upon cross-examination, over her counsel's objection and exception, she was asked and answered the following :   "Q. Has your husband not been using that property right along?   A. He has used the hack.   Q. Has he not broken the wheels of it several times?   A. The hack has been in a runaway, and was injured, but the wheels have been repaired."   It is insisted that this cross-examination was improper.   This action is founded upon an alleged breach of the condition of the undertaking in the replevin action, and, if plaintiff was entitled to recover at all, it was because the defendants failed to return the property.   This being so, the condition of the property at that or any other time was wholly immaterial.   The defendant having testified, however, in her direct examination, as to the condition of the property, she could not have been prejudiced by the cross-examination upon that subject, to which the opposite party was entitled:   Hill's Ann. Laws, § 837 ;   *Ah Doon* v. *Smith*,

25 Or. 89 (34 Pac. 1093); *Sayers* v. *Allen*, 25 Or. 211 (35 Pac. 254); *Maxwell* v. *Bolles*, 28 Or. 1 (41 Pac. 661); *Oregon Pottery Co.* v. *Kern*, 30 Or. 328 (47 Pac. 917).

8. The judgment rendered in the replevin action is for a return of the property only, and, while its value is determined, no alternative judgment therefor was given. In this condition of the judgment it is argued that the defendant Stump had the right, at the trial, to controvert the value of the property. In *Marix* v. *Franke*, 9 Kan. 132, it is held that an action can be maintained on an undertaking in replevin where the judgment has been given simply for the return of the property, and not for the recovery of its value in case delivery cannot be had. Mr. Justice BREWER, in deciding the case, says : "But a judgment simply for the return, though irregular, is valid. It cannot be questioned collaterally. It is conclusive so far as it goes. It can be enforced by execution. * * * If the judgment is valid, how are the sureties released from their promise to see that it is performed, simply because plaintiff has not taken all in his judgment he might have done?" See, upon this subject, Cobbey, Repl. § 1313; *Mitchum* v. *Stanton*, 49 Cal. 302; *Mason* v. *Richards*, 12 Iowa, 73; *Whitney* v. *Lehmer*, 26 Ind. 503; *Jennison* v. *Haire*, 29 Mich. 207; *Sweeney* v. *Lomme*, 89 U. S. (22 Wall.) 208, 29 L. Ed. 727; *Putnam* v. *Webb*, 15 Or. 440 (15 Pac. 711). No error was committed in refusing to permit the defendant Stump to controvert the value of the property as found by the jury and adjudged by the court.

9. The statute provides that in actions for the recovery of personal property, the plaintiff, upon tendering an affidavit, and an undertaking executed by two or more sufficient sureties, may, upon indorsing a request to that effect upon the affidavit, obtain the possession of the property sought to be recovered. The undertaking in the case

at bar has but one surety, to wit, the defendant J. B. Stump, and it is insisted that for this reason he is not liable thereon. The point is without merit, however, for the rule is well settled that, while the party beneficially interested may move to set aside the proceedings in replevin by reason of the insufficiency of the undertaking in consequence of there being but one surety thereto, he may waive this right, and enforce the undertaking, though it is not such a bond as he had a right to demand: *Wolcott* v. *Mead*, 12 Metc. (Mass.) 516; *Shaw* v. *Tobias*, 3 Comst. 192; *Claflin* v. *Thayer*, 13 Gray, 459.

Having discovered no error in the bill of exceptions, it follows that the judgment is affirmed.    AFFIRMED.