Argued 12 November; decided 3 December, 1900.

## LEWIS *v.* MCNARY.

[62 Pac. 897.]

REDELIVERY BOND — ACTION FOR DAMAGES — BREACH.

A replevin action having been commenced, the plaintiff therein gave the required bond and the sheriff seized the property, whereupon defendant gave a redelivery bond conditioned that "said defendant shall deliver said property to the above-named plaintiffs if delivery thereof be adjudged, and shall pay to said plaintiffs such sum as may for any cause be recovered against the defendant." Subsequently a warehouseman who had charge of the property began an interpleader suit in which the original plaintiff was awarded the property and took it. No damages were allowed against the original defendant, who gave the redelivery bond. In an action by the original plaintiff on the bond, *held*, that there was no cause of action, as there had not been a breach of the bond, the property having been returned and no damages awarded.

From Marion: GEO H. BURNETT, Judge.

Action by Lewis & Mills against H. P. McNary and another. From a judgment in favor of defendants, plaintiffs appeal.          AFFIRMED.

For appellants there was a brief over the name of *Holmes & Kellogg,* with an oral argument by *Mr. William H. Holmes.*

For respondents there was a brief and an oral argument by *Messrs. Woodson T. Slater* and *William M. Kaiser.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action brought by Lewis & Mills against H. P. McNary and others on a redelivery bond to recover the difference in the market value of the property in dispute at the time of its delivery to the defendants under the bond and its return to the plaintiffs at the termination of the litigation,

and also for divers and sundry items of damages the plaintiffs assert they have sustained by reason of its detention.   A demurrer to the complaint was sustained, and a judgment rendered in favor of the defendants, and the plaintiffs appeal.   The material facts alleged are as follows:   The defendant McNary and the Southern Pacific Company were joint defendants in an action brought by the plaintiffs to recover the possession of two certain lots of hops stored by McNary with the railroad company.   The sheriff took possession of the hops under plaintiffs' order, but, before delivery to them, McNary, in order to obtain a return thereof, gave the sheriff a written undertaking, as provided in Section 137 of Hill's Ann. Laws, in double the value of the property, with the defendants Gray as sureties, conditioned that "said defendant shall redeliver said property to the above-named plaintiffs if delivery thereof be adjudged, and shall pay to said plaintiffs such sum as may for any cause be recovered against the defendant." It is alleged that the possession of the property was thereupon redelivered to McNary, but it is subsequently averted in the complaint that the Southern Pacific Company, after an unsuccessful application to have the replevin action dismissed as to it, on the ground that it had no interest in or claim to the hops except for storage, and was simply holding the possession thereof at the instance of McNary, filed a bill in equity in the nature of a bill of interpleader against the plaintiffs and McNary, alleging that it was in the possession of the property as a warehouse keeper; that there was a controversy between them respecting the ownership and right of possession; and asking that it be exonerated from any further liability upon delivering a proper warehouse receipt to the clerk of the court for whoever might be adjudged to be the owner of the hops.   Both the plaintiffs and McNary answered the bill, and, after trial upon the pleadings and proof, it was decreed that the plaintiffs were the owners and en-

titled to the possession of the property, but no judgment
was rendered against McNary for damages.   The hops,
which in the meantime had very much depreciated in value,
were thereupon delivered to the plaintiffs.

Although the complaint alleges that the sheriff took pos-
session of the property under the plaintiffs' order, and de-
livered it to McNary upon the execution and delivery of
the undertaking on which this action was brought, yet it is
quite apparent from the other allegations of the complaint
that from the time the hops were stored with the railroad
company by McNary they remained in the actual possession
of the company as a warehouse keeper until the final termi-
nation of the suit, and were then delivered to the plaintiffs.
It would seem, therefore, that McNary at no time obtained
possession of the property under the redelivery bond, and
that it never in fact accomplished its purpose.   But, waiving
this point, and assuming that the bond is a binding obliga-
tion, and that the decree was equivalent to a judgment in
the action for possession of the hops, the demurrer to the
complaint in this action was nevertheless properly sustained,
because it appears affirmatively that there has been no breach
of the bond.   Its conditions are:   (1) That McNary shall
redeliver the property to the plaintiffs if a redelivery be ad-
judged, and (2) that he shall pay to them such sum of
money as may for any cause be recovered against him.   The
property was promptly delivered to the plaintiffs as soon as
it was decreed that they were entitled thereto; hence, the
first condition of the bond was complied with.   No sum ·
whatever has been recovered against McNary on account of
the redelivery of the property, and so there has been no
breach of the latter clause in the bond.   What is the true
measure of damages in an action on an undertaking given
in an action for possession of personal property, where there
has been a breach thereof, and whether a recovery of dam-
ages can be had at all unless assessed in the original action,

are controverted questions: 2 Sutherland, Dam. (2 ed.), §§ 501, 502; *Whitney* v. *Lehmer, 26* Ind. 503; *Washington Ice Co.* v. *Webster,* 125 U. S. 426 (8 Sup. Ct. 947, 31 L. Ed. 799). But the question of damages cannot arise until there is a breach of some condition of the bond which gives a right of action thereon. If, in this case, the property had not been returned to the plaintiffs, or if it had been returned in a damaged condition (as in *Yelton* v. *Slinkard,* 85 Ind. 190), and for either reason an action had been brought on the bond, the questions sought to be litigated herein might be pertinent. There was no breach of the bond, however; therefore no action can be had thereon: *Thomas* v. *Irwin,* 90 Ind. 557. The bond was not intended as a complete indemnity to the plaintiffs for all damages they might sustain by reason of the redelivery of the property, but was limited to such sum as might be adjudged against the principal of the bond. Before there is a breach of this condition, there must be a recovery against the principal, and a failure by him to pay. Whether such recovery should be in the original action is immaterial at this time, for there can be no action on the bond until there is a breach, and there is no breach in this respect until the defendant fails to pay a sum recovered against him. It is elementary that a surety cannot be held for what he did not undertake to perform, and no action can be maintained against him until there is a breach of his contract. The judgment of the court below is therefore affirmed.                           AFFIRMED.