C. L. GERLAUGH, Appellant, v. T. J. RYAN & SON, T. J. RYAN and H. R. RYAN.

**Replevin:** DELIVERY BOND: LIABILITY OF SURETIES.   Where the plaintiff in a replevin action elects to take a money judgment against defendant on his failure to return the property, he is not entitled to a judgment against the sureties on defendant's delivery bond, where nothing is claimed because of defendant's

failure to appear and defend the action and no damages are adjudged against him for the wrongful detention of the property, and the sureties, in resistance to the motion for judgment against them, offer to return the property in conformity with the bond.

**Same.** A plaintiff in replevin waives delivery of the property by electing to take a money judgment against defendant for its value, and the sureties on defendant's delivery bond are released from their obligation to deliver the property.

*Appeal from Shelby District Court.—* HON. A. B. THOR-NELL, Judge.

FRIDAY, APRIL 7, 1905.

THE plaintiff in a replevin action elected to take judgment for the value of the property, and, after this was entered, moved for judgment against the sureties on the delivery bond. The motion was overruled, and plaintiff appeals. — *Affirmed.*

*Byers & Lockwood,* for appellant.

*Cullison & Robinson,* for appellee sureties.

LADD, J.— All the property was taken under the writ of replevin except one bull, " Master of the Ring," of the estimated value of $1,705, for which a delivery bond was executed, with L. F. Potter and Bradley McCord as sureties. Judgment was entered by consent against defendants, confirming the title in plaintiff to all the cattle described in the petition, and, by his election, for the value of the animal mentioned. Thereupon he moved for judgment on the delivery bond, and this was resisted by the sureties on the grounds (1) that by electing to take a personal judgment against defendants for value plaintiff had waived compliance with the conditions of the bond, and (2) that both before and since the entry of judgment the sureties had tendered the bull " in as good condition as when the action was com-

menced." The court, in overruling the motion, held that
the taking of a money judgment did not release the sureties
on the delivery bond, but that plaintiff was not entitled to
judgment on such bond when the sureties, " in their resist-
ance to such motion, are offering to return the property."
The condition of the bond in question was that defendant
" shall appear and defend the said action and deliver the
said property to the plaintiff, if he recovers judgment there-
for, in as good condition as it was when said action was
commenced, and will also pay all costs and damages that
may be adjudged against him for the wrongful detention of
said property, then this obligation to be void; otherwise to
remain in full force and virtue." This was in strict con-
formity with section 4172 of the Code, which authorizes an
officer serving a writ of replevin to leave the property in
the possession of a defendant upon the execution of a bond
" conditioned that he will appear in and defend the action,
and deliver the property to the plaintiff, if he recovers judg-
ment therefor, in as good condition as it was when the action
was commenced, and that he will pay all costs and damages
that may be adjudged against him for the taking or detention
of the property."

To justify judgment against the sureties there must
have been some breach of this bond. Nothing was claimed
because of the failure of defendants to " appear in the action

1. REPLEVIN:
delivery bond;
liability of
sureties.

and defend," and no damages were " adjudged
against him for the taking and detention of the
property." Was there a breach of the agree-
ment to " deliver the property to the plaintiff if he recover
judgment therefor ? " According to the resistance filed, the
sureties tendered delivery of the bull in the condition exacted
before and immediately after the entry of judgment against
defendants. This was precisely what the bond required them
to do. Section 4179 is the only statute authorizing a judg-
ment for value instead, and it provides that " when property
is not forthcoming to answer the judgment, and for which a

bond has been given as hereinbefore provided, and the party thereto so elects, a judgment may be entered against the principal and sureties in the bond for its value." Two conditions precedent are essential to the entry of judgment under this section — failure to deliver the property and an election to take judgment. As the first was obviated by the tender, plaintiff was not in a situation to avail himself of the second.

Appellant argues that the rule should be the same as that which obtains in entering judgment against the sureties on the replevin bond. But the statute in relation to that expressly directs that, " if the judgment be against plaintiff for the money value of the property, it shall also be against the sureties on his bond." Section 4176, Code. And the obligation of the sureties of such bond is that he shall " prosecute the action to judgment and return the property if awarded, and pay all costs and damages that may be adjudged against him." Section 4167. The word " damages " is not limited to " taking or detention," as in the delivery bond, but includes any that may be adjudged against the plaintiff. The liability of the sureties is fixed by their obligation, and cannot be changed or enlarged by the conduct of plaintiff alone. See *Larabee v. Cook,* 8 Kan. App. 776 (61 Pac. Rep. 815) ; *New England Furniture Co. v. Bryant,* 64 Minn, 256 (66 N. W. Rep. 974) ; *Hall v. Tillman,* 103 N. C. 276 (9 S. E. Rep. 194) ; *Lewis v. McNary,* 38 Or. 116 (62 Pac. Rep. 897).

Even though he might elect to take a money judgment for value, this did not change the condition of the bond exacting the delivery of the property only. But it did, in effect, amount to a sale thereof to defendants, and vested title thereto in them. *Becker v. Staab,* 114 Iowa, 319; *Powers v. Benson,* 120 Iowa, 428. Thereafter the bull belonged to the defendants, and for this reason their obligation, as well as that of the sureties, to deliver to the plaintiff, ceased. By electing to take a money judgment he necessarily waived the delivery of the property,

2. SAME.

and, as a consequence, released the sureties from their agreement conditioned to deliver to plaintiff if " he recovers judgment therefor." The motion should have been overruled on both grounds.— *Affirmed.*