SCHLEUNING, Respondent, v. WEST et al., Appellants.

(148 N. W. 604.)

1. Claim and Delivery—Judgment for Return—Condition of Property.

On recovery of an alternative judgment in claim and delivery, for possession of specific personalty against party in possession, it becomes the affirmative duty of such party to return the property to the one found entitled to possession, in substantially the same condition it was in at commencement of action.

2. **Same—Liability on Re-delivery Bond—Offer to Return Part of Property.**

> An offer by a defendant in a suit on a re-delivery bond in replevin, to return, under a judgment for return of the property involved in the original suit, through delivery of a key to a meat market house, such market, but without any invoice or statement showing what property was still in the building, and without offering to return $80. in money, a wagon, cart, and harnesses taken in the replevin suit and embraced in the judgment; defendant having disposed of and replaced portions of the stock, there being less of some articles on hand at time of trial, and more of other articles, than at commencement of suit, still other articles being entirely sold out, and there being some articles on hand not in stock when action was begun, was not a tender in compliance with the judgment, so as to relieve defendant and his surety on re-delivery bond from liability thereon.

3. **Same—Re-delivery Under Judgment—Sufficiency of Offer to Deliver.**

> Where an alternative judgment for delivery of property is rendered, in replevin, it is the duty of losing party, if the property is capable of manual delivery, to seek out and tender it to the party found entitled to possession, but, if this is impossible or unreasonable because of bulky character of the property, an offer to re-deliver is sufficient.

(Opinion filed September 8, 1914.)

Appeal from Circuit Court, Meade County. Hon. Levi McGee, Judge.

Action by Ernest Schleuning against Samuel M. West and another, upon a re-delivery bond in replevin, for value of personalty involved in the original suit. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*James McNenny,* and *Sterling & Clark,* for Appellants.

*Harry P. Atwater,* and *Buell & Denu,* for Respondent.

(2) Under point two of the opinion, Appellants cited:

Leeper et al. v. First National Bank (Okla.) 110 Pac. 655, 29 L. R. A. (N. S.) 747; Am. & Eng. Ann. Cas. 1912 B, 308, and note; Wells on Replevin, § 422; Shinn on Replevin, § 679; Cobbey on Replevin, § 1389.

(3) Under point three of the opinion, Appellants cited:

Ganns v. Woolfolk, 2 Mont. 458; Fray v. Drahos (Neb.) 7

N. W. 319; Capital Lumbering Co. v. Learned, 36 Ore. 544, 78 Am. St. Rep. 792, 59 Pac. 454.

POLLEY, J.   This action grows out of a controversy over the ownership of a certain meat market, including tools and fixtures, together with a stock of meat and meat products usually dealt in in such places, also a two-horse spring wagon, a meat delivery cart, a single harness, a double harness, and about $80 in money.   Defendant West was in possession of said market, and, on or about the 5th day of August, 1911, plaintiff commenced an action for the recovery of the possession thereof.   He furnished an undertaking in claim and delivery, and caused said property to be seized by the sheriff; but, within the time allowed for that purpose, the defendant furnished a redelivery bond, with the defendant Inter-State Surety Company as surety thereon, and took and retained possession of said property during the pendency of the action.   A trial was had on the 11th day of the following December, which resulted in a verdict in favor of plaintiff, and which fixed the value of said property at $1,500.   Upon this verdict, judgment in the alternative was entered on the 26th day of January, 1912.   Plaintiff, claiming the property had not been returned or tendered to him, brought this action against the defendant West and his surety on the redelivery bond, when the plaintiff again had verdict and judgment in his favor for the value of the meat market and contents, as fixed by the jury in the replevin action, with interest thereon and costs.   Defendants assign numerous errors on rulings of the trial court and bring the case here on appeal.

Appellants claim that, after the verdict in the replevin suit, defendant West offered to return all of the property in dispute to the plaintiff, while the plaintiff contends that defendant did not offer to return it all; that what he did offer to return was not in the same condition as when it was taken under the redelivery bond; that it had depreciated in value; that he did not offer to pay the difference in value, or to pay the money that had been taken by defendants, or to pay the costs that had been taxed in favor of the plaintiff in that action.

Numerous errors are assigned, based upon the admission and exclusion of evidence and upon the giving of certain instructions to the jury and the refusal to give certain requested instructions.

But it will not be necessary to consider these assignments, as, in our view, appellant was not prejudiced by any of the court's rulings.

[1] It has been settled by this court that, upon the recovery of an alternative judgment in replevin for the possession of specific personal property against a party in possession of such property, it then becomes the affirmative duty of such party to return such property to the party found to be entitled to the possession thereof. Ewald et al. v. Boyd, 24 S. D. 16, 123 N. W. 66, 24 L. R. A. (N. S.) 739. And this seems to be in harmony with the general rule. Eickhoff v. Eikenbary, 52 Neb. 332, 72 N. W. 308; Capital Lumbering Co. v. Learned et al., 36 Or. 544, 59 Pac. 454, 78 Am. St. Rep. 792. This of course means that it must be returned in substantially the same condition as it was at the commencement of the action.

[2] The evidence taken at the trial showed that, after the verdict in the replevin suit, defendant West sent the key of the building that had contained the stock of meats and tools to the plaintiff by one of his attorneys, but that he did not furnish any invoice showing what part, if any, of said property was still contained in the building, nor did he return, or offer to return, the said spring wagon, cart, or harness, nor any portion of the cash that had been taken at the commencement of the replevin suit, nor to pay the costs that had been taxed in plaintiff's favor; that plaintiff refused to accept said key unless the same were accompanied by an invoice showing what property, if any, was still in the building, and also pay him $300 to cover the depreciation in the value of said property. The evidence further showed that, between the time that defendant West took possession of the property under the redelivery bond, in August, and the time of the trial in December, he was keeping the meat market open and disposing of and replacing portions of stock in the ordinary course of business; that, at the time of the trial, there was less of some articles on hand and more of others than there was at the commencement of the action; that some articles had been entirely sold out; and that there were some articles on hand at that time that were not in stock at all at the commencement of the action.

Under the circumstances disclosed by the record in this case, we do not think there was such an offer made by the appellants to

return the property in dispute as would excuse them from liability on the redelivery bond. The only act claimed to constitute an offer to return the property was an offer to deliver the key to the building in which part of the property had been situated at the commencement of the action. This was not accompanied by any invoice or statement showing what property was still in the building. No offer was made to return the money that had been taken, nor the wagon, nor cart, nor either of the harnesses. Of course what constitutes an offer to return property depends very much upon the character of the property itself.

[3] If it is of such a nature as to be readily capable of manual delivery, it is the duty of the losing party to seek out and tender it to the party found to be entitled to its possession. But, if this should be impossible or unreasonable because of the bulky character of the property, an offer to redeliver is all that the law requires. Leeper et al. v. Bank, 26 Okl. 707, 110 Pac. 655, 29 L. R. A. (N. S.) 747, Ann. Cas. 1912B, 302. And in that case it is said that:

"On an offer being made to return or deliver personal property sufficient to constitute a valid tender, where the party who makes the tender is acting within his legal rights, it is the duty of the one to whom the tender is made to accept and receive the property, and, whether it is refused or accepted, under such a condition the title thereto vests at once in the obligee, and the obligation to the extent of the duty is thereby performed."

But the acts claimed to constitute a return of property in this case do not bring the case within this rule. That part of the property consisting of the money, wagon, cart, and harnesses was readily capable of manual delivery, and was not of such a character that it would be presumed to be kept in the meat market. As to this property, there was no suggestion of a tender. Without holding that it was necessary to make an offer of manual delivery of the stock and tools in the meat shop, it was incumbent upon the appellants to at least accompany the key to the building with an invoice, and allow respondent an opportunity to check up the list and ascertain what was there.

Appellants not having made a sufficient return or offer to return the property to relieve them of liability on the bond, they were

not prejudiced by any of the court's rulings, and the judgment and order appealed from are affirmed.