## FOLMER, Respondent, v. HANSON, et al., Appellants.

### (182 N. W. 633.)

(File No. 4809.  Opinion filed April 25, 1921.)

1. **Damages—Suit on Plaintiff's Replevin Bond For Retaking Mortgaged Property—Defendant's Interest in Property, Replevin Judgment as Conclusive Of.**

    In a suit upon a replevin bond given by a plaintiff in claim and delivery, the property replevined being mortgaged, the judgment in replevin suit having been for defendant therein in the alternative, held, that whether the property was mortgaged and if so what was the replevin defendant's interest therein was conclusively determined by the judgment in the replevin suit, since these facts might have been pleaded and tried therein.

2. **Claim and Delivery—Alternative Judgment For Defendant In, Return of Property Thereunder, Defendant's Non-notice of Acceptance Thereof, Effect—Replevin Defendant's Remedy On Bond.**

    After judgment in favor of defendant in claim and delivery, in the alternative for recovery of its value, or for its return, plaintiff therein claimed to have returned to defendant nearly all of the threshing rig, separator, engine and other accessories constituting the replevined property, defendant therein having told him to leave it in the road in front of his home, that when all the property was got together he would accept it; a cook car etc., being missing; evidence showing defendant never notified plaintiff that he refused to accept the returned property. Held, that there was sufficient evidence on trial in suit on the replevin bond to require court to submit to jury questions as to whether plaintiff in replevin offered to or did in good faith return the substantial part of the property to defendant, and whether defendant did or should have accepted same, as well as that of damages sustained by defendant from shortage or depreciation in value of the property while so detained.

3. **Same—Return of Property By Defeated Replevin Plaintiff, Duty of Prevailing Party To Accept, Then Sue For Damages For Shortage, Etc.—Rule.**

    The rule of law applicable where losing party in replevin, after judgment against him, in good faith returns substantial part of property taken, is that it is prevailing party's duty to accept such part and then bring suit on replevin bond for damages he may have sustained by reason of shortages and their depreciation in value caused by losing party's wrongful detention.

Appeal from Circuit Court, Brown County. Hon. Frank
Anderson, Judge.

Action by Herb Folmer, against John A. Hanson and another,
to recover damages on a replevin bond in claim and delivery.
From a judgment for plaintiff, and from an order denying new
trial, defendant appeals. Reversed, and remanded for new trial.

*George H. Fletcher,* for Appellants.

*James M. Brown,* for Respondents.

(2) To point two of the opinion, appellant cited: Shinn on
Replevin, Sec. 679.

Respondent cited: Wetmore v. Rupe, (Cal.) 3 Pac. 851.

(3) To point three, appellants cited: Wallace v. Cox,
(Neb.) 142 N. W., 891; Pearl v. Garlock, 28 N. W. 155.

Respondent cited: Wells Replevin (2nd Ed.) Sec. 422;
Shinn on Replevin, Sec. 679.

McCOY, J. Action to recover on a bond given by defendant
in a replevin action in which he was plaintiff, by virtue of which
bond defendant, as such plaintiff, bound himself, in case of a judg-
ment against him, to return said property to the defendant therein,
plaintiff in the present action, or, in case a return thereof could
not be had, that he would pay said defendant therein the value
thereof. There was alternative judgment for defendant in the
replevin action requiring plaintiff to return to said defendant the
said property, or, in case a return thereof could not be had, that
he have judgment against the plaintiff therein in the sum of $850.
In this present action the plaintiff alleged that no part of said
property, which was the subject-matter of the replevin action, had
ever been returned, and that he was entitled, under the provisions
of said bond, to a money judgment against defendant for the
sum of $850, together with interest and costs. The defendants
in this action made answer, admitting the execution and delivery
of said bond and the rendition of said judgment, and affirmatively
alleged that all said property required by said judgment to be
returned had been returned to plaintiff by defendant. On the
trial of this action, over the objections and exceptions of defend-
ants, verdict was directed by the court in favor of plaintiff for the
sum of $941.75, being the full amount of said $850, mentioned
in the prior judgment, together with interest. From the judg-
ment based on said verdict the defendants appeal.

The assignments of error, in substance, are: First, that the evidence was insufficient to sustain said directed verdict; second, that the evidence relating to the issue of whether or not the appellants had returned said property or a substantial part thereof was of such a nature as that the issue should have been submitted to and determined by a verdict of a jury.

[1]   The evidence shows that after the time appellants claimed to have returned and redelivered said property to respondent a chattel mortgage thereon, given prior to the replevin suit, in favor of a third party, not a party to the suit, was foreclosed, and the said property sold and disposed of under said mortgage. It is the contention of appellants that respondent was not entitled, in this action, by reason of said mortgage, to recover the full value of $850 under the judgment in the replevin action; that respondent in this action should be entitled to recover, if at all, only the value of his interest in said mortgaged property over and above the amount of the mortgage. We are of the opinion that the judgment in the replevin action is conclusive as to the value of respondent's interest. The fact that the property was mortgaged, and that respondent only had an interest therein as to its value over and above the amount of the mortgage, might have been pleaded and tried out in the replevin action, and, as no such issue was presented therein, the judgment in that action is final on the question of value.

[2]   It appears from the evidence, on the cross-examination of respondent, that after the rendition of judgment in the replevin action the property, which consists of a threshing rig—separator, engine, and other accessories—was returned to respondent. The respondent, in substance, testified:

I have seen the property since; part of it was in front of my place. I told the men who brought it there where to leave it. The separator and engine were brought to my place and left in the road. I told them to leave it in the road; that when they got it all together I would look it over, and if I was supposed to accept it, I would accept it; that the cook car was missing and the grates out of the engine. I refused to receive the property; told them to leave it in the road and I would look it over. The grates cost $36; the cook car was worth about $100.

There was other testimony tending to show that respondent

never, after the time said property was redelivered to him, and prior to this suit, notified appellants that he refused to accept the said property so returned to him.

[3]   The rule of law applicable to the facts of this case seems to be that where the losing party in replevin, after judgment against him, in good faith returns the substantial part of the property taken, it is the duty of the prevailing party to accept such part and then bring suit on the bond for such damages as he may have sustained by reason of shortages and other depreciation in value caused by the losing party's wrongful detention. Leeper, Graves & Co. v. Bank, 26 Okl. 707, 110 Pac. 655, 29 L. R. A. (N. S.) 747, Ann. Cas. 1912B, 302, and note. This rule seems to have been recognized in Schleuning v. West, 34 S. D. 356, 148 N. W. 604, although the facts of that case were held not to be within the rule. The rule seems to us to be the only one that will work out absolute justice between the parties under such circumstances. We are of the opinion that there was sufficient evidence offered on the trial to require the court to submit to the jury, by proper instructions, the questions as to whether or not the appellants offered to, or did, in good faith, return the substantial part of said property, to the respondent; and whether the respondent did, or should have, accepted the same, and what were the damages sustained by respondent by reason of shortages or depreciation in value of the property, which said property was wrongfully in possession of said appellants by virtue of said bond.

For this reason, the judgment and order appealed from are reversed, and the cause remanded for new trial.