Motion to dismiss appeal overruled September 15, 1925, argued on the merits October 20, affirmed November 15, 1927, rehearing denied January 10, 1928.

## EXILE BURKITT *v.* L. A. VAIL ET AL.

(238 Pac. 1114; 260 Pac. 1014.)

**Appeal and Error—On Appellants' Tendering Sufficient Appeal Bond, Motion to Dismiss Appeal for Insufficiency of Bond may be Overruled.**

1. Appeal bond executed by surety company, one of defendants against whom judgment was entered as its own surety, was insufficient, but on tender of sufficient bond by defendants with new surety, motion to dismiss appeal may be overruled, and latter undertaking accepted and filed.

### ON THE MERITS.

**Replevin—Complaint for Breach of Redelivery Bond for Automobile, Which in Meantime had Become Worthless, Held to Properly Aver Breach.**

2. In an action on a redelivery bond, *held* that the complaint, which set forth that the defendants had failed to redeliver the property, had neglected to pay the judgment awarded, and that the automobile for which the bond was given had so deteriorated that it was worthless, alleged in proper form and manner a breach of the bond.

**Replevin—Defendant to Avoid Breach of Redelivery Bond, was Required to Return Automobile in Substantially Same Condition as When Taken or Pay Judgment.**

3. Where judgment was entered against a defendant who had given a redelivery bond in order to repossess an automobile pending outcome of a controversy between litigants, it was incumbent upon such defendant, in order to avoid breach of the bond when judgment was rendered against him, to return the automobile in substantially the same condition as when it was taken by him under such bond or pay the judgment.

**Appeal and Error—Defendant, in Absence of Exception, Could not Predicate Error upon Court's Permitting Plaintiff to State at Trial Evidence Adduced at Previous Hearing at Which Defendant had Defaulted.**

4. Where in an action for recovery of the possession of an automobile, the defendant failed to appear at the original hearing, whereupon plaintiff proceeded to put in his evidence, but, before judgment, defendants asked permission to appear and present their case, which permission was granted on condition plaintiff would not have to recall witnesses but that a statement of the evidence adduced might be made and incorporated in the record, and such

---

3. Loss or destruction of property pending replevin action as affecting liability under bond given therein, see note in 31 A. L. R. 1290.

statement was so made and incorporated, defendants, taking no exception thereto at the trial, could not predicate error thereon.

**Judgment—Court may Annex Conditions to Permission to Appear After Default.**

5.   Where the defendants in an action for recovery of possession of an automobile defaulted when the case was regularly set for trial, but, upon request the court opened the case and permitted them to appear, *held*, that since allowing the defendants to appear rested in the court's discretion the court could annex conditions to such permission.

**Replevin—Plaintiff may Institute Action on Redelivery Bond Without Exhausting His Right by Exception and Without Previous Demand.**

6.   A plaintiff who has been deprived of property's possession by a redelivery bond may institute an action on such bond without exhausting his right by execution and without a previous demand, an entry of the judgment in favor of plaintiff for the return of the property or payment of the value thereof as affixed in the judgment being sufficient demand and notice to defendant and his surety.

**Replevin—Return of Property Taken on Redelivery Bond is Satisfaction of Judgment Pro Tanto Only if Property is in Substantially Same Condition as When Taken.**

7.   The return of property taken under a redelivery bond to the plaintiff is a satisfaction of the judgment *pro tanto* only if the property is returned in substantially the same condition in which it was received by those giving the redelivery bond, such condition being a question of fact.

**Appeal and Error—Trial Court's Finding Relative to Automobile's Condition upon Its Return After Being Taken on Redelivery Bond Held Conclusive on Reviewing Court.**

8.   Where in an action on a redelivery bond the trial court found that the automobile for whose possession the bond had been given was not, at the time of its tender to plaintiff after judgment for him, in as good condition as when taken by the defendant under such redelivery bond, such finding was conclusive upon the reviewing court.

Appeal and Error, 3 **C. J.**, p. 895, n. 52.   4 **C. J.**, p. 876, n. 78, p. 878, n. 82.

Judgments, 34 **C. J.**, p. 421, n. 9.

Replevin, 34 Cyc., p. 1574, n. 25, p. 1575, n. 34, p. 1576, n. 37, 38, p. 1590, n. 33, 34, p. 1600, n. 79, p. 1605, n. 69.

1. 3 **C. J.**, pp. 1137, 1186.   4 **C. J.**, p. 587.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

MOTION TO DISMISS APPEAL OVERRULED.

For the motion, *Mr. Ralph A. Coan.*

*Contra, Mr. Elmer Pettingell* and *Mr. George S. Shepherd.*

McBRIDE, C. J.—1. The plaintiff obtained a judgment against the defendants on the fourteenth day of February, 1925. The defendants served and filed notice of appeal on the fourteenth day of April, 1925. The undertaking was regular in form, but executed by the defendants The Fidelity and Deposit Company of Maryland, a corporation, as surety also.

We know of no law that permits a surety company, against whom judgment is returned as a defendant, to be its own surety on appeal. The undertaking is insufficient, but the defendants having tendered a sufficient bond with The Detroit Fidelity and Surety Company of Michigan as its surety, the motion will be overruled and the latter undertaking will be accepted and filed.                    MOTION OVERRULED.

## ON THE MERITS.

This is an action on a redelivery bond. Plaintiff commenced action in the Circuit Court for Multnomah County on August 18, 1920, for the recovery from defendant L. A. Vail of a Ford automobile alleged to be worth $325, to recover damages of $100 for wrongful detention and for costs. In that action plaintiff executed the statutory bond and required the sheriff to take possession of said automobile which was done. Thereafter, on September 1, 1920, the defendant Vail required the sheriff to redeliver said automobile to the defendant Vail by presenting a redelivery bond on which the defendant Fidelity and Deposit Company of Maryland was surety. Said delivery bond was executed in the sum of $750. Said

action was thereafter duly tried and plaintiff recovered judgment against defendant Vail on February 19, 1921, for the possession of said Ford automobile and in case possession thereof could not be had, then for the sum of $325 the value thereof, $100 damages and $37.35 costs and disbursements. The defendant Vail appealed from said judgment to the Supreme Court. Said judgment was in all respects affirmed December 12, 1922: *Burkitt* v. *Vail,* 106 Or. 41 (130 Pac. 861). Costs and disbursements in the Supreme Court awarded plaintiff against defendant Vail were $43.15. Judgment on the mandate was entered in the Circuit Court July 18, 1923.

From the time the automobile was redelivered to defendant Vail he used it until June, 1922, and thereafter the automobile was left standing without cover until trial of the instant case. After the mandate of the Supreme Court was delivered to the Circuit Court defendants offered to return the automobile to the sheriff but he, acting under instructions of plaintiff, refused to receive it for the reason that it had deteriorated to such an extent as to be worthless and was not in substantially the same condition that it was when received by the defendants on their redelivery bond. Thereafter the instant action was instituted by plaintiff to recover from the defendants the value of said automobile. Plaintiff recovered judgment against defendants for the full sum demanded in his complaint. From this judgment defendants appeal assigning some fourteen errors. These errors may be reduced to four: First, does the complaint state sufficient facts? Second, did the Court err in allowing plaintiff's attorney to state the evidence adduced by plaintiff at a hearing when

defendants failed to appear? Third, did plaintiff
have the right to sue on the redelivery bond without
having exhausted his right by execution against the
defendant Vail and his surety on the appeal to the
Supreme Court? Fourth, was plaintiff bound to ac-
cept the automobile when tendered by defendants, to
foreclose his chattel mortgage and to have the auto-
mobile sold before resorting to the redelivery bond?

AFFIRMED. REHEARING DENIED.

For appellants there was a brief over the names of
*Mr. Elmer E. Pettingell, Mr. George S. Shepherd,
Mr. B. W. Taylor* and *Mr. H. A. Robertson,* with an
oral argument by *Mr. B. W. Taylor.*

For respondent there was a brief over the name of
*Mr. Ralph A. Coan,* with an oral argument by *Mr.
Abe E. Rosenberg.*

COSHOW, J.—2, 3. Defendants claim the com-
plaint is defective in this, that it does not allege in
proper form and manner the breach of the redelivery
bond. The complaint alleges the giving of the re-
delivery bond ''and that the defendants herein wholly
failed, refused and neglected to redeliver said per-
sonal property to this plaintiff in accordance with
the terms of the undertaking above set forth, a copy
of which is hereto attached and marked exhibit 'A'
and has wholly failed, refused and neglected to pay
the judgment awarded the plaintiff in said action and
are in default under said undertaking.'' This alle-
gation sets forth the facts constituting the breach.
It was the duty of the defendants when the judgment
of the Supreme Court was entered in the Circuit
Court to seek out the plaintiff and either deliver the

123 Or.—30

automobile to plaintiff in substantially the same condition in which it was when defendant took it from the sheriff or pay to plaintiff the amount of said judgment: *Capital Lumbering Co.* v. *Learned,* 36 Or. 544, 548 (59 Pac. 454, 78 Am. St. Rep. 792). There is an allegation in the complaint that the automobile had so deteriorated that it was worthless. This allegation is an averment of fact.

4, 5. The original case for the recovery of the possession of said automobile was regularly set to be heard in the Circuit Court on March 5, 1924. Notice was sent to attorneys in accordance with the practice of that court. For some reason neither the defendants nor their attorneys appeared. Plaintiff proceeded to put in his evidence but before judgment was entered defendants asked permission to appear and present their case. This was permitted on condition that plaintiff would not have to recall his witnesses but that a statement of the evidence adduced might be made and incorporated in the record. A stipulation to that effect was entered into and appears in the record brought here. Defendants took no exception at the trial to the evidence as thus stated by the attorney for plaintiff and confirmed by the court. For that reason defendants are in no position to base error upon the action of the court admitting said statement as evidence. It was in the court's discretion to allow defendants to appear after they had defaulted when the case was regularly set for trial. The court had a right to annex conditions to its order permitting defendants thereafter to appear and open the case. Defendants consented in open court to the conditions annexed by the court.

There is no merit to defendants' contention in this behalf.

6. The law seems to be well settled that a plaintiff may institute an action on a redelivery bond without exhausting his right by execution and without a previous demand. The entry of the judgment in favor of plaintiff for the return of the property or payment of the value thereof as fixed in the judgment is sufficient demand and notice to defendant and his surety.

"Where the statute requires that where defendant in replevin gives a redelivery bond and obtains the property the judgment rendered upon a verdict for plaintiff shall be for the value of the property and damages for its detention, plaintiff may have execution upon such judgment or apply for an order for restoration of the property or he may sue upon the bond, the remedy upon the bond being cumulative and the right to proceed against the sureties thereon not being waived or affected by the judgment rendered for the value of the property." 34 Cyc. 1590 (II).

*Sweeney* v. *Loome,* 22 Wall. (U. S.) 208–215 (22 L. Ed. 727, 729, see, also, Rose's U. S. Notes); *Lewis* v. *McNary,* 38 Or. 116, 119 (62 Pac. 897).

7, 8. Was the plaintiff bound to accept the return of the automobile at the time it was tendered to him by defendants? Where the property taken under a redelivery bond remains in substantially the same condition the return thereof to the plaintiff is a satisfaction of the judgment *pro tanto: Marks* v. *Willis,* 36 Or. 1 (58 Pac. 526, 78 Am. St. Rep. 752); *Lewis* v. *McNary,* above. In order for the return of the property to have that effect the property must be in substantially the same condition in which it

was received by the defendants: 23 R. C. L. 907, § 68; 34 Cyc. 1575 (B); *Tucker* v. *Tremont Trust Co.,* 242 Mass. 25 (136 N. E. 62, 24 A. L. R. 1185); *Jacobs* v. *Walker,* 90 Okl. 209 (216 Pac. 935, 31 A. L. R. 1287); *Hallidie Machinery Co.* v. *Whidbey Island S. & G. Co.,* 73 Wash. 403 (131 Pac. 1156, 45 L. R. A. (N. S.) 40, 46); *Fair* v. *Citizens' State Bank,* 69 Kan. 353 (76 Pac. 847, 848, 105 Am. St. Rep. 168, 2 Ann. Cas. 960). Whether or not the automobile was in substantially the same condition at the time it was tendered to plaintiff as it was when it was taken from the sheriff by the defendants is a question of fact. The case was tried to the court without a jury. The court found that the automobile tendered by the defendants to plaintiff was worthless, except for junk, and was not the property received by defendants from the sheriff. There was material evidence supporting that finding. Said finding is conclusive on this court.

Defendants also urge in their brief that the court did not make findings on all the issues submitted by the pleadings. We have carefully compared the findings with the pleadings and find no merit in this contention. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and McBRIDE and BEAN, JJ., concur.