Argued March 29, reversed and remanded June 25, 1929.

# PERCY R. BOOTH *v.* NATIONAL SURETY CO.

(278 Pac. 987.)

For appellant there was a brief over the name of *Messrs. McCredie & Wigfall,* with an oral argument by *Mr. C. Y. Wigfall.*

For respondent there was a brief over the name of *Messrs. Barry & Morrison,* with an oral argument by *Mr. W. H. Morrison.*

BELT, J.—This is an action to recover on a replevin bond executed by the National Surety Company as surety. In an action to recover possession of a Ford coupe wherein J. A. Lang was plaintiff and Percy R. Booth, plaintiff herein, was defendant, judgment was rendered in favor of the defendant for the return of the automobile and for costs amounting to $15.50. However, there was no alternative judgment so that defendant could recover the value of the car in the event a return thereof was not had. After such termination of the replevin action Lang delivered the car to the plaintiff but, as alleged by the latter, in a highly damaged condition.

The instant action was commenced to recover damages because the automobile was not returned to the plaintiff in a condition substantially the same as when Lang took possession of it by virtue of the writ of replevin. Plaintiff asserts a breach of the bond in that there has been a failure to comply with the judgment of the court for a return of the property. He contends that when the car was returned in such a damaged condition, the liability of the surety company is the difference between the value of the car at the time it was taken under the writ

and its value when returned after determination of the replevin action. It is the contention of the surety company that any claim of plaintiff for damages must have been asserted in the replevin action and that the judgment rendered therein precludes a recovery here. The trial court accepted the theory of defendant and sustained objection to testimony offered by the plaintiff to show the damaged condition of the automobile and its depreciation in value. A verdict was rendered in favor of plaintiff for $15.50 with interest thereon at six per cent per annum from the twenty-seventh day of May, 1927, being the amount of costs allowed in the replevin action, but, in entering judgment, costs were taxed against the plaintiff for the reason that defendant tendered judgment for an amount in excess of the verdict. Plaintiff appeals.

■ ■ In our opinion, the fact that no alternative judgment was taken in the replevin action does not preclude plaintiff from maintaining an action on the bond. The plaintiff had no opportunity, nor was it possible, to ascertain what damages if any would be sustained by reason of failure to return the automobile. That could not be determined until after judgment in the replevin action was rendered. We are not concerned with a case wherein action has been brought to recover damages for the wrongful taking and detention of personal property. The present action is based on the failure to return the property. What if Lang, after return was adjudged, had absolutely failed to deliver the car? Would it be contended that there could be no recovery? If plaintiff's offered testimony is to be believed, instead of returning the automobile, Lang returned only its skeleton.

It was undoubtedly error not to have entered alternative judgment but in what way was the surety on the bond prejudiced by such omission. It agreed to compensate plaintiff if Lang failed to return the car. That it was the duty of Lang to return the car in substantially the same condition as when he acquired it is well established: *Burkitt* v. *Vail et al.*, 123 Or. 461 (238 Pac. 1114, 260 Pac. 1014), and cases therein cited.

It is also well settled that failure to assess value of the property and to enter judgment in the alternative will not prevent recovery on the bond: *Capital Lumbering Co.* v. *Learned*, 36 Or. 544 (59 Pac. 454, 78 Am. St. Rep. 792); *Marix* v. *Franke*, 9 Kan. 132; 34 Cyc. 1589. A case based upon a similar state of facts and which is adverse to respondent's contentions is *Yelton et al.* v. *Slinkard et al.*, 85 Ind. 190. It is instructive on every phase of the case presented on this appeal. Defendant relied strongly on *Peacock* v. *Kirkland*, 74 Or. 279 (145 Pac. 281), and *Gust* v. *Edwards, ante,* p. 409 (274 Pac. 919). These cases did not involve damages for failure to return property nor was there any judgment for the return of property. In the Peacock case, Justice BURNETT, speaking for the court, said:

"The demand for the value of the property cannot be visited upon these obligors because there was no judgment for a return of the property."

Plaintiff, no doubt having in mind these cases, waived any claim for damages on account of wrongful detention of the automobile although such was alleged in the complaint.

■ ■ It was error for the trial court to exclude the evidence offered relative to value and condition

of the automobile. Since there must be a retrial, it is deemed proper to say that the measure of damages as contended for by plaintiff is correct.

The judgment is reversed and the cause remanded for a new trial consistent with this opinion.

REVERSED.

COSHOW, C. J., and BEAN, J., concur.

BROWN, J., absent.