Argued December 13; affirmed December 30, 1932

## WOLFGANG *v.* HENRY THIELE CATERING CO. ET AL.

(17 P. (2d) 313)

*R. G. Lenske,* of Portland (William B. Layton, Edward A. Boyrie, and John F. Logan, all of Portland, on the brief), for appellants.

*Richard Sleight,* of Portland (Gus C. Moser and Roy K. Terry, both of Portland, on the brief), for respondent.

CAMPBELL, J. On September 15, 1926, plaintiff brought an action for claim and delivery to recover certain personal property, consisting of linoleum in place and in use upon the floors of a certain building in Portland, against defendants Henry Thiele Catering Company, a corporation, and Clark-Wilson Lumber Company, a corporation. The cause was tried in the circuit court and judgment entered April 14, 1927, in favor of plaintiff, that he was the owner and entitled to the immediate possession of the property described in his complaint and fixed the value thereof at $2,844 and for cost and disbursements, and in case delivery should not be made that plaintiff should recover the value thereof. The cause was appealed to the Supreme Court, defendants giving an appeal and stay bond executed by defendant herein, Fidelity and Deposit Company of Maryland, a corporation. Thereafter the judgment was affirmed and a mandate issued on March 21, 1929.

The mandate of the Supreme Court, among other things, ordered:

"It is therefore ordered and adjudged that said decree of the court below be and the same is hereby adopted as the decree of this court in this case"

and gave judgment against the surety, and ordered that the

"cause be remanded to the court below from which the appeal was taken with directions to enter a decree in accordance herewith."

Judgment on the mandate was entered July 29, 1931. In entering judgment on the mandate, the order of the court said, after describing the property and the value thereof in the same words as the judgment appealed from, and after adjudging that plaintiff was

entitled to the delivery of the property and in case delivery could not be had, that plaintiff recover the sum of $2,844 (with interest at the rate of 6 per cent per annum from April 13, 1927) and that such sum should be immediately recoverable from defendants on failure on demand to deliver the personal property described (in substantially the same condition in which it was held by the defendants at the time of the commencement of the action, September 15, 1926). The words within parentheses were not in the judgment as originally entered when the appeal was taken.

Appellants moved to have the judgment on the mandate set aside on the grounds that it was not in accordance with the mandate because of the addition of the above words within parentheses. The motion was overruled. The defendants then moved to have the judgment, as entered, amended so as to eliminate the words within parentheses. This motion was also overruled. Defendants appeal.

■ When the mandate of the Supreme Court is received by the circuit court, the duty of the circuit court is to enter the judgment or decree according to the mandate without modification of any kind. This is elementary: *Krause v. Oregon I. & S. Co.,* 50 Or. 88 (91 P. 442, 92 P. 810).

"The rate of interest in this state shall be six per centum per annum and no more, and shall be payable in the following cases to wit: * * * 2. On judgments and decrees for the payment of money from the date of the entry * * *." Oregon Code 1930, § 57-1201.

The recital regarding interest made no change in the judgment.

■ The plaintiff was entitled to his property in substantially the same condition as it was when first un-

lawfully detained: *Burkitt v. Vail,* 123 Or. 461 (238 P. 1114, 260 P. 1014); *Booth v. National Surety Co.,* 129 Or. 598 (278 P. 987).

■ The law being as above stated, the words complained of neither added to nor subtracted from the judgment and therefore not a change or modification of the judgment directed to be entered by the mandate of this court.

Finding no error, the judgment will be affirmed.

It is so ordered.

BEAN, C. J., BELT and KELLY, JJ., concur.